No. 19-70021

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRANDON BERNARD,

Defendant-Appellant.

On appeal from the United States District Court
for the Western District of Texas at Waco
Crim. No. 6:99-CR-70-2, Civ. No. 6:04-CV-164

The Honorable Alan D. Albright,
United States District Judge

## RECORD EXCERPTS

Robert C. Owen
Law Office of Robert C. Owen, LLC
53 West Jackson Blvd., Suite 1056
Chicago, IL  60604
Phone: (512) 577-8329
Email: robowenlaw@gmail.com
Texas Bar No.: 15371950

John R. Carpenter
Asst. Federal Public Defender
1331 Broadway, Suite 400
Tacoma, Washington 98402
Phone: (253) 593-6710
Email: john_carpenter@fd.org
Washington Bar No.: 23301

Attorneys for Defendant-Appellant
Brandon Bernard

# TABLE OF CONTENTS

| Tab # | Description | ROA Cite: |
|---|---|---|
| 1 | Docket, USDC WDTX: 6:99-cr-00070-ADA-2 | ROA.1 |
| 2 | Notice of Appeal | ROA.2444 |
| 3 | Second Superseding Indictment | ROA.134 |
| 4 | Jury Verdict | ROA.13-70013.224 |
| 5 | Order Amending Judgment | ROA.2442 |
| 6 | Judgment | ROA.2432 |
| 7 | Order on Motion for Relief from Judgment | ROA.2423 |
| 8 | Transcript Testimony of Sgt. Sandra Hunt from *United States v. Sparks*, No. WA:99-CR-00070(3)-LY (February 21, 2018) | ROA.2313 |
| 9 | Statement of Former Bureau of Prisons Warden Mark A. Bezy (Aug. 20, 2016) | ROA.2399 |
| 10 | Declaration of David Boyd (July 10, 2016) | ROA.2401 |
| | Certificate of Service | |

# 1

Docket, USDC WDTX: 6:99-cr-00070-ADA-2

# U.S. District Court [LIVE]
# Western District of Texas (Waco)
# CRIMINAL DOCKET FOR CASE #: 6:99-cr-00070-ADA-2

Case title: USA v. Vialva et al

Other court case numbers: 6:03-cv-00085 2255 Dft #3

6:04-ca-00163 Waco Civil#-DFT#1

6:04-cv-00164 Waco Civil#-Dft#2

:00- -50523 5th Circuit

:01- -50405 5th Circuit Dft. #3

:03- -50781 5th Cirucit-Dft#3

Magistrate judge case number: 6:99-mj-00073

Date Filed: 07/13/1999

Assigned to: Judge Alan D Albright

Appeals court case numbers: 00-50523,
13-70013 5th Circuit Court of Appeals

**Defendant (2)**

**Brandon Bernard**                    represented by    **John Robert Carpenter**
Federal Public Defender
1331 Broadway, Suite 400
Tacoma, WA 98402
253-593-6710
Fax: 253-593-6714
Email: John_Carpenter@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**Robert Gombiner**
Federal Public Defender's Office
for the Western District of Washington
1601 Fifth Avenue
Suite 700
Seattle, WA 98101
(206) 553-1100
Fax: (206) 553-0120
Email: john_carpenter@fd.org
*TERMINATED: 11/19/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**19-70021.1**

**Robert C. Owen**
Law Office of Robert C. Owen, LLC
53 W. Jackson Blvd., Suite 1056
Chicago, IL 60604
512-577-8329
Email: robowenlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Russell D. Hunt , Sr.**
Russell D. Hunt Atty At Law
P.O. Box 726
Waco, TX 76703-0726
(254) 753-3738
Fax: (254) 753-8118
Email: rhuntatty@gmail.com
*TERMINATED: 06/29/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Russell David Hunt , Jr.**
Russell D. Hunt, Jr. Attorney at Law
310 South Austin Avenue
Georgetown, TX 78626
(512)474-5114
Fax: (512)857-0746
Email: admin@russhuntjrlaw.com
*TERMINATED: 06/29/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Walter M. Reaves , Jr.**
Law Office of Walter Reaves, Jr.
100 N. 6th Street, Suite 902
Waco, TX 76701
(254) 296-0020
Fax: 877-726-4411
Email: wmreaves@reaveslegal.com
*TERMINATED: 08/18/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:2119.F & 2 MOTOR VEHICLE
THEFT - CARJACKING. Carjacking
and aiding and abetting.
(1ss)

**Disposition**

SENTENCE: COUNT SS1, SS2, SS3: LIFE
WITHOUT THE POSSIBILITY OF RELEASE;
SPECIAL ASSESSMENT: $100.00.

19-70021.2

| | |
|---|---|
| 18:1117.F (18:1111(a)&(b)) CONSPIRACY TO MURDER. Conspiracy to commit murder. (2ss) | SENTENCE: COUNT SS1, SS2, SS3: LIFE WITHOUT THE POSSIBILITY OF RELEASE; SPECIAL ASSESSMENT: $100.00. |
| 18:1111.F (a)&(b) MURDER, FIRST DEGREE. First degree murder on a Government reservation. (3ss) | SENTENCE: COUNT SS1, SS2, SS3: LIFE WITHOUT THE POSSIBILITY OF RELEASE; SPECIAL ASSESSMENT: $100.00. |
| 18:1111.F (a)&(b) MURDER, FIRST DEGREE. First degree murder on a Government reservation. (4ss) | SENTENCE: COUNT SS4: DEATH; SPECIAL ASSESSMENT: $100.00. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:2119.F MOTOR VEHICLE THEFT - CARJACKING. Carjacking and aiding and abetting. (1) | Dismissed per Order [303-1] |
| 18:2119.F and 18:2 MOTOR VEHICLE THEFT - CARJACKING. Carjacking and aiding and abetting. (1s) | Dismissed per Order [303-1] |
| 18:1117.F and 18:1111(a)&(b)--CONSPIRACY TO MURDER. Conspiracy to commit murder. (2) | Dismissed per Order [303-1] |
| 18:1117.F and 18:1111(a)&(b) CONSPIRACY TO MURDER. Conspiracy to committ murder. (2s) | Dismissed per Order [303-1] |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| Defendant(s) did with intent to cause death or serious bodily harm take a motor vehicle that had been transported, shipped or received in interstate commerce from the person or presence of another by force and violence or by intimidation in violation of 18 USC | |

2119. [ 6:99-m -73 ]

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Joseph H. Gay , Jr.**<br>Assistant U.S. Attorney<br>601 N.W. Loop 410<br>Suite 600<br>San Antonio, TX 78216<br>(210) 384-7030<br>Fax: 210 384-7031<br>Email: Joseph.Gay@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Mark Frazier**<br>U.S. Attorney's Office<br>800 Franklin<br>Suite 280<br>Waco, TX 76701<br>(254) 750-1580<br>Fax: 254/750-6664<br>Email: Mark.Frazier@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Michael R. Hardy**<br>Assistant United States Attorney<br>601 NW Loop 410<br>Suite 600<br>San Antonio, TX 78216-5512<br>(210) 384-7150<br>Fax: 210/384-7135<br>Email: mike.hardy@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/23/1999 | | Case assigned to Honorable Dennis G. Green [ 6:99-m -73 ] (lt) (Entered: 06/24/1999) |
| 06/23/1999 | 1 (p.26) | Complaint filed against Christopher Andre Vialva, Brandon Bernard [ 6:99-m -73 ] (lt) (jch). (Entered: 06/24/1999) |
| 06/23/1999 | | Arrest warrant issued for Brandon Bernard [ 6:99-m -73 ] (lt) (Entered: 06/24/1999) |
| 06/23/1999 | | Arrest of Christopher Andre Vialva, Brandon Bernard [ 6:99-m -73 ] (lt) (Entered: 06/24/1999) |
| 06/23/1999 | 3 (p.30) | Order of Temporary Detention as to Brandon Bernard; Bond set to NO BOND for Brandon Bernard; setting Detention hearing for 1:30 6/24/99 for Brandon Bernard [ 6:99-m -73 ] (lt) (tb). (Entered: 06/24/1999) |

19-70021.4

| 06/23/1999 | 5 | Filed CJA Form #30 copy #4 as to Brandon Bernard appointing Russell David Hunt [ 6:99-m -73 ] (lt) (tb). (Entered: 06/24/1999) |
|---|---|---|
| 06/24/1999 | 7 (p.31) | Arrest warrant returned executed for Brandon Bernard on 6/23/99 [ 6:99-m -73 ] (lt) (tb). (Entered: 06/24/1999) |
| 06/24/1999 | | Detention hearing for Christopher Andre Vialva, Brandon Bernard held [ 6:99-m -73 ] (lt) (Entered: 06/24/1999) |
| 06/24/1999 | 8 (p.36) | Witness list by USA as to Christopher Andre Vialva, Brandon Bernard [ 6:99-m -73 ] (lt) (jch). (Entered: 06/24/1999) |
| 06/28/1999 | 10 (p.37) | Order of Detention: Bond reset to NO BOND for Brandon Bernard. [ 6:99-m -73 ] (lt) (tb). (Entered: 06/28/1999) |
| 07/01/1999 | | Tape Order as to Christopher Andre Vialva, Brandon Bernard [ 6:99-m -73 ] (lt) (Entered: 07/02/1999) |
| 07/06/1999 | 11 (p.2447) | Transcript filed as to Christopher Andre Vialva, Brandon Bernard for date of 6/24/99 (Preliminary Examination/Detention Hearing) [ 6:99-m -73 ] (lt) (tb). (Entered: 07/07/1999) |
| 07/13/1999 | | Case assigned to Honorable Walter S. Smith (tb) (Entered: 07/14/1999) |
| 07/13/1999 | 14 (p.41) | Indictment filed against Christopher Andre Vialva (1) count(s) 1, 2, 3-4, Brandon Bernard (2) count(s) 1, 2 (Pages: 3) (tb) (jch). (Entered: 07/14/1999) |
| 07/13/1999 | | Arraignment set at 1:30 7/15/99 for Brandon Bernard (tb) (Entered: 07/14/1999) |
| 07/15/1999 | 16 (p.44) | Waiver of personal appearance at arraignment and entry of plea not guilty by Brandon Bernard (2) count(s) 1, 2 (tb) (tb). (Entered: 07/15/1999) |
| 07/15/1999 | 17 (p.48) | Scheduling order as to Christopher Andre Vialva, Brandon Bernard setting; Plea agreement to be submitted on or before 8/30/99. Should a plea agreement be reached, rearraignment will be held at 1:00 P.M. on 9/2/99. Jury selection and trial set for 9:00 9/13/99; Motion hearing set for 1:00 8/12/99 as to: Christopher Vialva, re: (15-1) (tb) (jch). (Entered: 07/15/1999) |
| 07/15/1999 | | Jury selection for Christopher Andre Vialva, Brandon Bernard set 9:00 9/13/99. (tb) (Entered: 07/15/1999) |
| 07/15/1999 | 18 (p.50) | Order on courtroom decorum and trial procedures as to Christopher Andre Vialva, Brandon Bernard (tb) (jch). (Entered: 07/15/1999) |
| 07/19/1999 | 21 (p.54) | Motion by Brandon Bernard to extend time for filing motions (tb) (tb). (Entered: 07/19/1999) |
| 07/19/1999 | 22 (p.56) | Motion by Brandon Bernard with memorandum in support for discovery and inspection (tb) (tb). (Entered: 07/19/1999) |
| 07/19/1999 | 23 (p.72) | Motion by Brandon Bernard for disclosure of agreements between the Government and Government Witnesses (tb) (tb). (Entered: 07/19/1999) |
| 07/19/1999 | 24 (p.76) | Memorandum by Brandon Bernard in support of motion for disclosure of agreements between the Government and Government Witnesses [23-1] as to Brandon Bernard (tb) (tb). (Entered: 07/19/1999) |
| 07/19/1999 | 25 (p.78) | Motion by Brandon Bernard for notice of Government's intention to use evidence |

**19-70021.5**

| | | |
|---|---|---|
| | | (tb) (tb). (Entered: 07/19/1999) |
| 07/19/1999 | 26 (p.80) | Motion by Brandon Bernard to disclose electronic or other surveillance (tb) (tb). (Entered: 07/19/1999) |
| 07/19/1999 | 27 (p.85) | Memorandum by Brandon Bernard in support of motion to disclose electronic or other surveillance [26-1] as to Brandon Bernard (tb) (tb). (Entered: 07/19/1999) |
| 07/19/1999 | 28 (p.89) | Motion by Brandon Bernard for discovery of transcripts of grand jury testimony , and to extend time to file motion to quash indictment (tb) (tb). (Main Document 28 replaced on 3/1/2018) (tb). (Entered: 07/19/1999) |
| 07/29/1999 | 32 (p.91) | Response by USA to motion by Brandon Bernard : motion for discovery of transcripts of grand jury testimony [28-1], motion to extend time to file motion to quash indictment [28-2] (tb) (tb). (Entered: 07/29/1999) |
| 07/29/1999 | 33 (p.93) | Response by USA to motion by Brandon Bernard : motion to disclose electronic or other surveillance [26-1] (tb) (tb). (Entered: 07/29/1999) |
| 07/29/1999 | 34 (p.95) | Response by USA to motion by Brandon Bernard : motion for notice of Government's intention to use evidence [25-1] (tb) (tb). (Entered: 07/29/1999) |
| 07/29/1999 | 35 (p.97) | Response by USA to motion by Brandon Bernard : motion for disclosure of agreements between the Government and Government Witnesses [23-1] (tb) (tb). (Entered: 07/29/1999) |
| 07/29/1999 | 36 (p.99) | Response by USA to motion by Brandon Bernard : motion for discovery and inspection [22-1] (tb) (tb). (Entered: 07/29/1999) |
| 07/29/1999 | 37 (p.101) | Response by USA to motion by Brandon Bernard : motion to extend time for filing motions [21-1] (tb) (tb). (Main Document 37 replaced on 3/1/2018) (tb). (Entered: 07/29/1999) |
| 08/06/1999 | 51 (p.103) | Motion by Brandon Bernard for the appointment of an investigator (tb) (tb). (Entered: 08/06/1999) |
| 08/10/1999 | 58 (p.105) | Order granting motion to extend time for filing motions [21-1] as to Brandon Bernard (2) (tb) (tb). (Entered: 08/10/1999) |
| 08/10/1999 | 59 (p.106) | Ordered that Defendant's motion for the appointment of an investigator [51-1] is GRANTED as to Brandon Bernard (2). Ordered that Criterion Investigators, 1010 Timmons Drive, Copperas Cove, Texas, is appointed to serve as investigator in this case. (tb) (tb). (Entered: 08/10/1999) |
| 09/08/1999 | 74 (p.107) | Order as to Christopher Andre Vialva, Brandon Bernard granting motion to continue trial [69-1] as to Christopher Andre Vialva (1) resetting plea agreement due to 11/22/99 for Christopher Andre Vialva, for Brandon Bernard , resetting rearraignment to 1:00 11/29/99 for Christopher Andre Vialva, for Brandon Bernard , resetting Jury trial to 9:00 12/13/99 for Christopher Andre Vialva, for Brandon Bernard , and order indicates continuance is granted in order to give counsel reasonable time to prepare The time between 8/31/99 and 12/13/99 is excluded from consideration under the Speedy Trial Act. (tb) (tb). (Entered: 09/09/1999) |
| 11/02/1999 | 83 | Filed CJA Form # 30 copy #2 as to Brandon Bernard authorizing interim payment #1 to Russell David Hunt (tb) (tb). (Entered: 11/02/1999) |
| 11/02/1999 | 85 | CJA 30 Copy #5 as to Brandon Bernard appointing Russell D. Hunt, Sr. for period |

| | | beginning 10/24/99. (tb) (tb). (Entered: 11/02/1999) |
|---|---|---|
| 12/07/1999 | 93 (p.109) | Ordered that Defendant's second motion to continue trial [88-1] is GRANTED as to Christopher Andre Vialva (1) resetting Jury trial to 9:00 1/10/00 for Christopher Andre Vialva, for Brandon Bernard , and order indicates continuance is granted in order to give counsel reasonable time to prepare The time between 11/12/99 and 1/10/00 is excluded from the Speedy Trial Act. Ordered that this Continuance shall apply to both Defendants pursuant to 18 USC 3163(h)(7). (tb) (tb). (Entered: 12/07/1999) |
| 12/07/1999 | | Jury selection resetting to 9:00 1/10/00 for Christopher Andre Vialva, Brandon Bernard (tb) (Entered: 12/07/1999) |
| 12/14/1999 | 98 (p.111) | Superseding indictment as to Christopher Andre Vialva (1) count(s) 1s, 2s, 3s-4s, Brandon Bernard (2) count(s) 1s, 2s , Tony Sparks (3) count(s) 1 (Pages: 4) (tb) (tb). (Entered: 12/14/1999) |
| 01/07/2000 | 108 (p.114) | Ordered that Defendant's motion to continue trial [100-1] as to Christopher Andre Vialva (1) is GRANTED. resetting Jury trial to 9:00 3/13/00 for Christopher Andre Vialva, for Brandon Bernard , and order indicates continuance is granted in order to give counsel reasonable time to prepare The time between 1/3/00 and 3/13/00 is excluded from the Speedy Trial Act. (tb) (tb). (Entered: 01/10/2000) |
| 01/07/2000 | | Jury selection set 9:00 3/13/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 01/10/2000) |
| 01/26/2000 | 119 | CJA 31 filed by Christopher Andre Vialva as to Christopher Andre Vialva for interim payment #1 for investigative services. (tb) Modified on 06/19/2001 (tb). (Additional attachment(s) added on 3/1/2018: # 1 (p.26) Exhibit) (tb). (Entered: 01/26/2000) |
| 02/25/2000 | 136 (p.116) | Motion by Brandon Bernard to continue trial proceedings (as) (tb). (Entered: 02/25/2000) |
| 02/25/2000 | 137 (p.119) | Motion by Brandon Bernard for appointment of co-counsel in death penalty case (as) (tb). (Entered: 02/25/2000) |
| 02/25/2000 | 139 (p.124) | Motion by USA as to Brandon Bernard for reciprocal discovery (as) (tb). (Entered: 02/25/2000) |
| 02/28/2000 | 143 (p.126) | Demand by USA as to Brandon Bernard for notice of alibi (tb) (tb). (Entered: 02/29/2000) |
| 03/06/2000 | 146 (p.128) | Response by Brandon Bernard to motion by USA : motion for notice of alibi [143-1] (tb) (tb). (Entered: 03/06/2000) |
| 03/06/2000 | 147 (p.130) | Response by Brandon Bernard to motion by USA : motion for reciprocal discovery [139-1] (tb) (tb). (Entered: 03/06/2000) |
| 03/07/2000 | 154 | Filed CJA Form #30 copy #4 as to Christopher Andre Vialva appointing Stanley L. Schweiger for interim payment #9 for period starting 3/1/00. (tb) (tb). (Entered: 03/07/2000) |
| 03/07/2000 | 155 | Filed CJA Form #30 copy #4 as to Christopher Andre Vialva appointing Dwight Goains for interim payment #8 for period starting 3/1/00. (tb) (tb). (Entered: 03/07/2000) |

| | | |
|---|---|---|
| 03/07/2000 | <u>156</u> | CJA 31 filed by Christopher Andre Vialva as to Christopher Andre Vialva authorization for payment of investigative services. (tb) (tb). (Entered: 03/07/2000) |
| 03/08/2000 | <u>158</u> (p.132) | Order as to Christopher Andre Vialva, Brandon Bernard, Tony Sparks granting motion to continue trial Defendant's to certify this matter as complex under the Speedy Trial [140-1] as to Christopher Andre Vialva (1), granting motion to continue trial proceedings [136-1] as to Brandon Bernard (2). As a result, the current trial setting of 3/13/00, is hereby VACATED. A new trial date will be set after the Court has conferred with counsel for the parties. order indicates continuance is granted in order to give counsel reasonable time to prepare The time between the entry of this order and the new trial date will be excluded under the Speedy Trial Act. (tb) (tb). (Entered: 03/09/2000) |
| 03/09/2000 | <u>159</u> (p.133) | Order granting motion for appointment of co-counsel in death penalty case [137-1] as to Brandon Bernard (2) (tb) (tb). (Entered: 03/09/2000) |
| 03/14/2000 | <u>160</u> | Filed CJA Form #30 as to Brandon Bernard appointing Russell D. Hunt Jr. (tb) (tb). (Entered: 03/14/2000) |
| 03/14/2000 | <u>161</u> | Authorization for interim payment #6 for investigative services as to Christopher Andre Vialva (tb) (tb). (Entered: 03/14/2000) |
| 03/28/2000 | <u>170</u> (p.134) | Second Superseding indictment as to Christopher Andre Vialva (1) count(s) 1ss, 2ss, 3ss-4ss, Brandon Bernard (2) count(s) 1ss, 2ss, 3ss-4ss, Tony Sparks (3) count(s) 1s (Pages: (tb) Modified on 03/28/2000 (tb). Modified on 5/17/2016 (tb). (Page two was left out in error when creating the electronic record on appeal.) (Main Document 170 replaced on 1/20/2017) (mc5). (Entered: 03/28/2000) |
| 03/28/2000 | | Arraignment set at 9:00 4/5/00 for Christopher Andre Vialva, for Brandon Bernard, for Tony Sparks. (tb) (Entered: 03/28/2000) |
| 03/30/2000 | <u>172</u> (p.139) | Order granting the two motions to continue trial in this case filed by Defendants, Christopher Vialva and Brandon Bernard. setting Jury trial for 9:00 5/15/00 for Christopher Andre Vialva, for Brandon Bernard, for Tony Sparks (tb) (tb). (Entered: 03/30/2000) |
| 03/30/2000 | | Jury selection set 9:00 5/15/00 for Christopher Andre Vialva, for Brandon Bernard, for Tony Sparks (tb) (Entered: 03/30/2000) |
| 03/30/2000 | <u>173</u> (p.140) | Notice of intent by USA to seek death penalty as to Brandon Bernard (tb) (tb). (Entered: 03/31/2000) |
| 04/05/2000 | <u>180</u> (p.151) | Waiver of personal appearance at arraignment and entry of plea not guilty by Brandon Bernard (2) count(s) 1ss, 2ss, 3ss-4ss (tb) (tb). (Entered: 04/05/2000) |
| 04/05/2000 | <u>181</u> (p.153) | Order as to Christopher Andre Vialva, Brandon Bernard, Tony Sparks. On this date a DRAFT juror questionnaire is being mailed to each attorney of record in this case. Counsel are directed to give careful consideration to this draft, and then file with the Court, within 5 days, and additions, deletions or changes they wish to suggest. After receiving responses, a second draft will be prepared and mailed, to which the attorneys will be allowed to file objections. It is the intention of the Court to mail this questionnaire to prospective jurors before 4/15/00. (tb) (tb). (Entered: 04/05/2000) |
| 04/11/2000 | <u>191</u> (p.154) | Response by Brandon Bernard to order [181-1] (tb) (tb). (Entered: 04/13/2000) |

| 04/13/2000 | 192 (p.156) | Response by USA as to Christopher Andre Vialva, Brandon Bernard to order [181-1] (tb) (tb). (Entered: 04/13/2000) |
|---|---|---|
| 04/19/2000 | 198 (p.158) | Order setting a pretrial hearing on any outstanding pre-trial matters as to Christopher Andre Vialva, Brandon Bernard Motion hearing set for 1:00 4/28/00 as to: Christopher Vialva, re: (195-1), (187-1), (183-1), (174-1), (164-2), (142-1), (138-1), (63-1), (45-1), (43-1), (41-1), (39-1), (38-1); Brandon Bernard, (143-1), (139-1), (28-1), (28-2), (26-1), (25-1), (23-1), (22-1) (tb) Modified on 04/20/2000 (tb). (Entered: 04/19/2000) |
| 04/25/2000 | 202 | CJA 31 authorization for interim payment #1 for investigative services filed as to Brandon Bernard (tb) (tb). (Entered: 04/25/2000) |
| 04/26/2000 | 204 (p.159) | Motion by Brandon Bernard with memorandum in support for notice of unadjudicated extraneous offenses during the punishment phase (tb) (tb). (Entered: 04/26/2000) |
| 04/27/2000 | 208 (p.162) | Response by USA to motion by Brandon Bernard : motion for notice of unadjudicated extraneous offenses during the punishment phase [204-1] (tb) (tb). (Entered: 04/27/2000) |
| 04/28/2000 | 630 | Motion hearing for Christopher Andre Vialva, Brandon Bernard held for the following motions: [206-1], [205-1], [205-2], [204-1], [199-1], [195-1], [187-1], [184-1], [183-1], [174-1], [167-1], [164-1], [164-2], [163-1], [149-1], [140-1], [144-1], [143-1], [142-1], [139-1], [138-1], [137-1], [136-1], [129-1], [127-1], [120-1], [117-1], [116-1], [115-1], [114-1], [100-1], [88-1], [75-1], [69-1], [64-1], [63-1], [63-2], [61-1], [51-1], [46-1], [45-1], [43-1], [41-1], [40-1], [39-1], [38-1], [28-1], [28-2], [26-1], [25-1], [23-1], [22-1], [21-1], [19-1], [15-1]. Judge Smith informed counsel that copies of the approximatley 250 juror questionnaires are boxed and ready for them to take to their offices. He asked that they inform him of their objections by 5/5/00. Various motions were granted, denied, or taken under advisement. Orders will follow. (tb) (tb). (Entered: 05/01/2000) |
| 05/01/2000 | 213 (p.164) | Ordered that the Government's motion to amend notice of intent to seek the death penalty [174-1] as to Christopher Andre Vialva (1) is GRANTED. Ordered that Defendant's motion for notice of unadjudicated extraneous offenses during the punishment phase [204-1] as to Brandon Bernard (2) is DENIED. Ordered that the Defendant's motion for notice of unadjudicated extraneous offenses during the punishment phase [183-1] as to Christopher Andre Vialva (1) is DENIED. Ordered that the Defendant's motion to reconsider statutory and non-statutory aggravating factors from the Government's notice [205-1] as to Christopher Andre Vialva (1) is DENIED. Ordered that the Defendant's motion for full compliment of twenty challenges [195-1] as to Christopher Andre Vialva (1) is DENIED. Ordered that the motion of Defendant Christopher Vialva to permit counsel to question Jurors during voir dire is GRANTED. The Government will be allowed 10 minutes of individual voir dire and the Defendants will be allowed a total of 10 minutes of individual voir dire. Ordered that the Defendant's motion sever trial from CoDefendants [187-1] as to Christopher Andre Vialva (1) is DENIED. (tb) Modified on 05/15/2000 (jch). (Entered: 05/02/2000) |
| 05/01/2000 | 214 | Sealed document as to Christopher Andre Vialva, Brandon Bernard placed in vault (tb) (tb). (Entered: 05/02/2000) |
| 05/09/2000 | 216 | Sealed Motion by USA as to Christopher Andre Vialva, Brandon Bernard SEALED (tb) (tb). (Entered: 05/09/2000) |

| | | |
|---|---|---|
| 05/09/2000 | 217 | Sealed Motion by USA as to Christopher Andre Vialva, Brandon Bernard SEALED (tb) (tb). (Entered: 05/09/2000) |
| 05/09/2000 | 218 (p.166) | Preliminary areas by Brandon Bernard for further examination of potential jurors (tb) (tb). (Entered: 05/09/2000) |
| 05/10/2000 | 220 (p.174) | Supplemental motion by Brandon Bernard : for further examination of potential jurors - supplemental list supplementing motion for further examination of potential jurors [218-1] (tb) (tb). (Entered: 05/10/2000) |
| 05/11/2000 | 222 (p.177) | Supplemental motion by Brandon Bernard : supplemental supplementing motion for further examination of potential jurors [218-1] (tb) (tb). (Entered: 05/12/2000) |
| 05/12/2000 | 225 (p.180) | Proposed / Witness List by USA as to Christopher Andre Vialva, Brandon Bernard (tb) (jch). (Entered: 05/12/2000) |
| 05/15/2000 | | Voir dire begins for Christopher Andre Vialva (1) count(s) 1ss, 2ss, 3ss-4ss, Brandon Bernard (2) count(s) 1ss, 2ss, 3ss-4ss ; Mooted motions: motion SEALED [226-1] as to Christopher Andre Vialva (1), supplemental motion supplemental [222-1] as to Brandon Bernard (2), motion for bifurcation of the penalty phase [221-1] as to Christopher Andre Vialva (1), supplemental motion for further examination of potential jurors - supplemental list [220-1] as to Brandon Bernard (2), supplemental motion to challenge for cause to remove juror [219-1] as to Christopher Andre Vialva (1), motion for further examination of potential jurors [218-1] as to Brandon Bernard (2), motion SEALED [217-1] as to Christopher Andre Vialva (1), Brandon Bernard (2), motion SEALED [216-1] as to Christopher Andre Vialva (1), Brandon Bernard (2), motion to challenge for cause to remove juror(s) [215-1] as to Christopher Andre Vialva (1), motion to exclude evidence of "Gang Affiliation" [206-1] as to Christopher Andre Vialva (1), motion for bill of particulars [205-2] as to Christopher Andre Vialva (1), motion for bill of particulars [164-2] as to Christopher Andre Vialva (1), motion for notice of alibi [144-1] as to Tony Sparks (3), motion for notice of alibi [143-1] as to Brandon Bernard (2), motion for notice of alibi [142-1] as to Christopher Andre Vialva (1), motion for reciprocal discovery [139-1] as to Brandon Bernard (2), motion for reciprocal discovery [138-1] as to Christopher Andre Vialva (1), motion to object to the Court's Order thao commit Defendant for purposes of a mental examination [63-1] as to Christopher Andre Vialva (1), motion to reconsider Defendant's motion to delay mental evaluation [63-2] as to Christopher Andre Vialva (1), motion for disclosure of impeaching evidence [45-1] as to Christopher Andre Vialva (1), motion to disclose electronic or other surveillance [43-1] as to Christopher Andre Vialva (1), motion for disclosure of agreements between the Government and government witnesses [41-1] as to Christopher Andre Vialva (1), motion in limine [39-1] as to Christopher Andre Vialva (1), motion for discovery and inspection [38-1] as to Christopher Andre Vialva (1), motion for discovery of transcripts of grand jury testimony [28-1] as to Brandon Bernard (2), motion to extend time to file motion to quash indictment [28-2] as to Brandon Bernard (2), motion to disclose electronic or other surveillance [26-1] as to Brandon Bernard (2), motion for notice of Government's intention to use evidence [25-1] as to Brandon Bernard (2), motion for disclosure of agreements between the Government and Government Witnesses [23-1] as to Brandon Bernard (2), motion for discovery and inspection [22-1] as to Brandon Bernard (2) (tb) (Entered: 05/17/2000) |
| 05/15/2000 | | Jury selection for Christopher Andre Vialva, Brandon Bernard held (tb) (Entered: 05/17/2000) |

| 05/15/2000 | | Jury trial for Christopher Andre Vialva, Brandon Bernard begun (tb) (Entered: 05/17/2000) |
|---|---|---|
| 05/15/2000 | | Jury selection for Christopher Andre Vialva, Brandon Bernard resetting to 9:00 A.M. on 5/16/00. (tb) Modified on 05/17/2000 (Entered: 05/17/2000) |
| 05/15/2000 | | Jury trial for Christopher Andre Vialva, Brandon Bernard resetting to 9:00 5/16/00 (tb) (Entered: 05/17/2000) |
| 05/16/2000 | 228 | Sealed Motion by Brandon Bernard SEALED (tb) (tb). (Entered: 05/16/2000) |
| 05/16/2000 | 229 | Order granting motion SEALED [228-1] as to Brandon Bernard (2) (tb) (Entered: 05/16/2000) |
| 05/16/2000 | 229 | Sealed Order (tb) (tb). (Entered: 05/16/2000) |
| 05/16/2000 | 230 | Sealed Order as to Christopher Andre Vialva, Brandon Bernard (tb) (tb). (Entered: 05/16/2000) |
| 05/16/2000 | 231 | Filed CJA Form # 30 copy #2 as to Brandon Bernard authorizing interim payment #2 to Russell David Hunt (tb) (tb). (Entered: 05/16/2000) |
| 05/16/2000 | 232 | CJA Form #31 for Authorization to Pay for Expert or Other Services in Death Penalty Proceedings. (tb) (jch). (Entered: 05/16/2000) |
| 05/16/2000 | 233 | Filed CJA Form #30 appointing in death penalty proceedings. (tb) (jch). (Entered: 05/16/2000) |
| 05/16/2000 | | Voir dire continues. (tb) (Entered: 05/17/2000) |
| 05/16/2000 | | Jury selection for Christopher Andre Vialva, Brandon Bernard held (tb) (Entered: 05/17/2000) |
| 05/16/2000 | | Jury selection for Christopher Andre Vialva, Brandon Bernard resetting to 1:00 5/17/00 (tb) (Entered: 05/17/2000) |
| 05/16/2000 | | Jury trial for Christopher Andre Vialva, Brandon Bernard resetting to 1:00 5/17/00 (tb) (Entered: 05/17/2000) |
| 05/17/2000 | | Voir dire continues (tb) (Entered: 05/18/2000) |
| 05/17/2000 | | Jury selection for Christopher Andre Vialva, Brandon Bernard held (tb) (Entered: 05/18/2000) |
| 05/17/2000 | | Jury selection resetting to 9:00 5/18/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/18/2000) |
| 05/17/2000 | | Jury trial resetting to 9:00 5/18/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/18/2000) |
| 05/18/2000 | 235 | Sealed document as to Christopher Andre Vialva, Brandon Bernard placed in vault (tb) (tb). (Entered: 05/18/2000) |
| 05/18/2000 | | Voir dire continues. (tb) (Entered: 05/18/2000) |
| 05/18/2000 | | Jury selection for Christopher Andre Vialva, Brandon Bernard held (tb) (Entered: 05/18/2000) |
| 05/18/2000 | | |

**19-70021.11**

| | | |
|---|---|---|
| | | Jury selection resetting to 9:00 5/19/00 for Christopher Andre Vialva, Brandon Bernard (tb) (Entered: 05/18/2000) |
| 05/18/2000 | | Jury trial resetting to 9:00 5/19/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/18/2000) |
| 05/19/2000 | | Voir dire continues for Christopher Andre Vialva (1), Brandon Bernard (2). (tb) (Entered: 05/22/2000) |
| 05/19/2000 | | Jury selection for Christopher Andre Vialva, Brandon Bernard held (tb) (Entered: 05/22/2000) |
| 05/19/2000 | | Jury selection resetting to 9:00 5/22/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/22/2000) |
| 05/19/2000 | | Jury trial resetting to 9:00 5/22/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/22/2000) |
| 05/22/2000 | | Voir dire continues. (tb) (Entered: 05/23/2000) |
| 05/22/2000 | | Jury selection for Christopher Andre Vialva, Brandon Bernard held (tb) (Entered: 05/23/2000) |
| 05/22/2000 | | Jury selection resetting to 9:00 5/23/00 for Christopher Andre Vialva, Brandon Bernard (tb) (Entered: 05/23/2000) |
| 05/22/2000 | | Jury trial resetting to 9:00 5/23/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/23/2000) |
| 05/23/2000 | | Voir dire resumed & concluded. (tb) (Entered: 05/24/2000) |
| 05/23/2000 | | Jury selection for Christopher Andre Vialva, Brandon Bernard held (tb) (Entered: 05/24/2000) |
| 05/23/2000 | | Motion in open court by Christopher Andre Vialva, Brandon Bernard oral for additional strikes (tb) (Entered: 05/24/2000) |
| 05/23/2000 | | Oral order as to Christopher Andre Vialva, Brandon Bernard denying oral motion for additional strikes [0-0] as to Christopher Andre Vialva (1), Brandon Bernard (2) (tb) (Entered: 05/24/2000) |
| 05/23/2000 | | Jury trial resetting to 9:00 5/24/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/24/2000) |
| 05/23/2000 | 237 | Jury roster as to Christopher Andre Vialva, Brandon Bernard filed (tb) (jch). (Entered: 05/24/2000) |
| 05/23/2000 | 238 | Jury roster as to Christopher Andre Vialva, Brandon Bernard filed (tb) (jch). (Entered: 05/24/2000) |
| 05/23/2000 | 239 | Peremptory challenges by USA as to Christopher Andre Vialva, Brandon Bernard (tb) (jch). (Entered: 05/24/2000) |
| 05/23/2000 | 240 | Peremptory challenges by Christopher Andre Vialva, Brandon Bernard as to Christopher Andre Vialva, Brandon Bernard (tb) (jch). (Entered: 05/24/2000) |
| 05/23/2000 | 241 | Jury seating arrangement as to Christopher Andre Vialva, Brandon Bernard filed (tb) (jch). (Entered: 05/24/2000) |

| | | |
|---|---|---|
| 05/24/2000 | 242 (p.186) | Motion by USA as to Christopher Andre Vialva, Brandon Bernard for writ of habeas corpus ad testificandum for Ernest Rowell to testify (tb) (jch). (Entered: 05/24/2000) |
| 05/24/2000 | | Jury trial for Christopher Andre Vialva, Brandon Bernard begun (tb) (Entered: 05/25/2000) |
| 05/24/2000 | | Jury trial resetting to 9:00 5/25/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/25/2000) |
| 05/25/2000 | 243 (p.187) | Order granting motion for writ of habeas corpus ad testificandum to Sheriff, Bell County, Texas, for Ernest Rowell to testify [242-1] as to Christopher Vialva (1), Brandon Bernard (2) (tb) (jch). (Entered: 05/25/2000) |
| 05/25/2000 | | Writ of Habeas Corpus Ad Testificandum to Sheriff, Bell County, Texas, For Ernest Rowell to testify on 5/25/00 at 9:00 as to Christopher Andre Vialva, Brandon Bernard issued. (tb) (Entered: 05/25/2000) |
| 05/25/2000 | 244 (p.188) | Motion by USA as to Christopher Andre Vialva, Brandon Bernard for writ of habeas corpus ad testificandum to Sheriff, Coryell County, Texas, for Ramona Berry to testify on 5/31/00 at 9:00 (tb) (jch). (Entered: 05/25/2000) |
| 05/25/2000 | 245 (p.189) | Order granting motion for writ of habeas corpus ad testificandum to Sheriff, Coryell County, Texas, for Ramona Berry to testify on 5/31/00 at 9:00 [244-1] as to Christopher Andre Vialva (1), Brandon Bernard (2) (tb) (jch). (Entered: 05/25/2000) |
| 05/25/2000 | | Writ of Habeas Corpus Ad Testificandum to Sheriff, Coryell County, Texas, for Ramona Berry to testify on 5/31/00 at 9:00 as to Christopher Andre Vialva, Brandon Bernard issued. (tb) (Entered: 05/25/2000) |
| 05/25/2000 | | Jury trial resetting to 9:00 5/26/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/26/2000) |
| 05/26/2000 | | Jury trial resetting to 9:00 5/30/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/30/2000) |
| 05/30/2000 | 248 | Filed CJA Form #30 as to Brandon Bernard appointing Russell D. Hunt for interim payment #4 from 5/12/00. (tb) Modified on 05/30/2000 (tb). (Entered: 05/30/2000) |
| 05/30/2000 | | Jury trial resetting to 9:00 5/31/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 05/31/2000) |
| 05/31/2000 | 251 | Filed CJA Form #30 as to Brandon Bernard appointing Russell D. Hunt, Jr. for interim payment #2 from 5-12-00. (tb) Modified on 05/31/2000 (tb). (Entered: 05/31/2000) |
| 05/31/2000 | 252 | Filed CJA 30 authorizing interim payment #1 for period 3/9/00 to 5/14/00 for Russ Hunt, Jr. as to Brandon Bernard (tb) (tb). (Entered: 05/31/2000) |
| 05/31/2000 | | Motion in open court by Christopher Andre Vialva, Brandon Bernard to dismiss (tb) (Entered: 06/01/2000) |
| 05/31/2000 | | Oral order as to Christopher Andre Vialva, Brandon Bernard denying oral motion to dismiss [0-0] as to Christopher Andre Vialva (1), Brandon Bernard (2) (tb) (Entered: 06/01/2000) |
| 05/31/2000 | | Jury trial resetting to 9:00 6/1/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 06/01/2000) |

| | | |
|---|---|---|
| 06/01/2000 | 255 (p.190) | Court's Jury instructions as to Christopher Andre Vialva, Brandon Bernard (tb) (jch). (Entered: 06/02/2000) |
| 06/01/2000 | 256 (p.217) | Order sequestering jury as to Christopher Andre Vialva, Brandon Bernard (tb) (jch). (Entered: 06/02/2000) |
| 06/01/2000 | 259 | Jury verdict as to Christopher Andre Vialva, Brandon Bernard guilty Christopher Andre Vialva (1) count(s) 1ss, 2ss, 3ss-4ss, Brandon Bernard (2) count(s) 1ss, 2ss, 3ss-4ss (tb) (jch). (Entered: 06/02/2000) |
| 06/01/2000 | 260 (p.218) | Proposed / Witness List by Christopher Andre Vialva, Brandon Bernard, USA as to Christopher Andre Vialva, Brandon Bernard (tb) (jch). (Entered: 06/02/2000) |
| 06/01/2000 | | Jury trial resetting to 9:00 6/8/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 06/02/2000) |
| 06/07/2000 | 263 (p.228) | Motion by Brandon Bernard for judgment of acquittal (tb) (tb). (Entered: 06/07/2000) |
| 06/08/2000 | 266 (p.230) | Exhibit list by USA as to Christopher Andre Vialva, Brandon Bernard (tb) (tb). (Entered: 06/08/2000) |
| 06/08/2000 | | Jury trial resetting to 9:00 6/9/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 06/12/2000) |
| 06/09/2000 | 267 (p.240) | Supplemental Exhibit list by USA as to Christopher Andre Vialva, Brandon Bernard (tb) (tb). (Entered: 06/12/2000) |
| 06/09/2000 | 268 (p.241) | Sentencing hearing Witness List by USA as to Christopher Andre Vialva, Brandon Bernard (tb) (tb). (Entered: 06/12/2000) |
| 06/09/2000 | 269 (p.243) | Motion by Brandon Bernard requesting punishment phase and mitigating factor instructions (tb) (tb). (Entered: 06/12/2000) |
| 06/09/2000 | 272 (p.247) | Order of partial sequestration as to Christopher Andre Vialva, Brandon Bernard (tb) (tb). (Entered: 06/12/2000) |
| 06/09/2000 | | Jury trial resetting to 1:30 6/12/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 06/12/2000) |
| 06/09/2000 | 273 (p.248) | Witness List by Christopher Andre Vialva, Brandon Bernard, USA as to Christopher Andre Vialva, Brandon Bernard. (tb) (tb). (Entered: 06/12/2000) |
| 06/09/2000 | 274 (p.250) | Exhibit list by Christopher Andre Vialva, Brandon Bernard, USA as to Christopher Andre Vialva, Brandon Bernard (tb) (tb). (Entered: 06/12/2000) |
| 06/12/2000 | 276 (p.251) | Written Objections to the penalty phase charge with authorities by Brandon Bernard as to Brandon Bernard to (tb) (tb). (Entered: 06/13/2000) |
| 06/12/2000 | | Jury trial resetting to 9:00 6/13/00 for Christopher Andre Vialva, for Brandon Bernard (tb) (Entered: 06/13/2000) |
| 06/13/2000 | | Jury trial for Christopher Andre Vialva, Brandon Bernard held. Jury polled/discharged. Sentencing set for instanter. (tb) (Entered: 06/16/2000) |
| 06/13/2000 | | Pre-Sentence investigation as to Christopher Andre Vialva, Brandon Bernard waived (tb) (Entered: 06/16/2000) |
| 06/13/2000 | | |

**19-70021.14**

| | 287 (p.369) | Notice of appeal by Brandon Bernard to the 5th Circuit. Judgment not yet entered. (tb) (tb). (Entered: 06/20/2000) |
|---|---|---|
| 06/13/2000 | 288 (p.370) | Motion by Brandon Bernard for Russell D. hunt and Russell D. Hunt, Jr. to withdraw as attorney (tb) (tb). (Entered: 06/20/2000) |
| 06/15/2000 | 280 (p.287) | Order directing the U.S. Pretrial Services Office to release the Pre-trial Services reports for Defendants, Christopher Vialva and Brandon Bernard, to the U.S. Bureau of Prisons for the purpose of the designation of Defendants as to Christopher Andre Vialva, Brandon Bernard (tb) (tb). (Entered: 06/15/2000) |
| 06/16/2000 | 283 (p.288) | Ordered that all exhibits introduced into evidence during the trial of said cause be returned to the party introducing them, pending any additional proceedings in this case as to Christopher Andre Vialva, Brandon Bernard (tb) (tb). (Entered: 06/16/2000) |
| 06/16/2000 | 285 (p.289) | Exhibit receipt for USA (tb) Modified on 08/28/2003 (tb). (Entered: 06/16/2000) |
| 06/16/2000 | 286 (p.290) | Special findings form filed as to Christopher Andre Vialva, Brandon Bernard. (tb) (tb). (Entered: 06/16/2000) |
| 06/16/2000 | 290 (p.372) | Judgment and Commitment as to Brandon Bernard (2) count(s) 1ss, 2ss, 3ss, 4ss (Pages: 3) (tb) (tb). (Entered: 06/20/2000) |
| 06/20/2000 | | Notice of appeal and certified copy of docket to USCA: as to Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1]. Copy of notice of appeal and transmittal to Schwieger, Goains, Hunt, Hunt, Jr., AUSA, Court. (tb) (Entered: 06/20/2000) |
| 06/23/2000 | 293 (p.375) | Ordered that the Defendants' motion for judgment of acquittal [264-1], [263-1] as to Christopher Andre Vialva, Brandon Bernard are DENIED. (tb) (tb). (Entered: 06/26/2000) |
| 06/29/2000 | 295 (p.376) | Order granting motion for Russell D. hunt and Russell D. Hunt, Jr. to withdraw as attorney [288-1] (Terminated attorney Russell D. Hunt for Brandon Bernard, attorney Russell David Hunt for Brandon Bernard as to Brandon Bernard (2). Ordered that attorney Walter Reaves, Jr., shall be appointed to represent Defendant for purposes of appeal. Mr. Reaves shall also move for appointment of co-counsel and in such motion present the Court with the name of a qualified attorney to serve in said capacity. (tb) (tb). (Entered: 06/30/2000) |
| 07/03/2000 | | Return of appeal information sheet received. as to Brandon Bernard appeal [287-1] USCA NUMBER: 00-50523 (tb) (Entered: 07/03/2000) |
| 07/18/2000 | 296 (p.377) | Appeal Transcript requested by Brandon Bernard as to Brandon Bernard appeal [287-1] (tb) (tb). (Entered: 07/18/2000) |
| 07/21/2000 | 299 (p.379) | Ordered that Rob Owen is appointed to serve as co-counsel with Mr. Reaves in the appeal of the Defendant's conviction as to Brandon Bernard (tb) (tb). (Entered: 07/24/2000) |
| 09/13/2000 | 302 | Filed CJA30 authorization for final payment for Russell D. Hunt for period 5/12/00 to 7/7/00 as to Brandon Bernard (tb) (tb). (Entered: 09/14/2000) |
| 10/03/2000 | 303 | Ordered that any counts of which the defendants have not been convicted are DISMISSED as to Christopher Andre Vialva, Brandon Bernard (tb) (Entered: |

**19-70021.15**

| | | |
|---|---|---|
| | | 10/03/2000) |
| 10/03/2000 | | Dismissed count on motion by the Court Christopher Andre Vialva (1) count(s) 1, 1s, 2, 2s, 3-4, 3s-4s, Brandon Bernard (2) count(s) 1, 1s, 2, 2s (tb) (Entered: 10/03/2000) |
| 10/25/2000 | 304 (p.2551) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/15/00. In re: Jury Trial. Vol. 1 of 16 (tb) (jch). (Entered: 10/26/2000) |
| 10/25/2000 | 305 (p.2834) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/16/00. In re: Jury Trial. Vol. 2 of 16. (tb) (tb). (Entered: 10/26/2000) |
| 10/25/2000 | 306 (p.3099) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/17/00. In re: Jury Trial. Vol. 3 of 16. (tb) (tb). (Entered: 10/26/2000) |
| 10/25/2000 | 307 (p.3220) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/18/00. In re: Jury Trial. Vol. 4 of 16. (tb) (tb). (Entered: 10/26/2000) |
| 10/25/2000 | 308 (p.3423) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/19/00. In re: Jury Trial. Vol. 5 of 16. (tb) (tb). (Entered: 10/26/2000) |
| 10/25/2000 | 309 (p.3587) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/22/00. In re: Jury Trial. Vol. 6 of 16. (tb) (tb). (Entered: 10/26/2000) |
| 10/25/2000 | 310 (p.3819) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/23/00. In re: Jury Trial. Vol. 7 of 16. (tb) (tb). (Entered: 10/26/2000) |
| 10/25/2000 | 311 (p.4020) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/24/00. In re: Jury Trial. Vol. 8 of 16. (tb) (tb). (Entered: 10/26/2000) |
| 10/25/2000 | 312 (p.4272) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/25/00. In re: Jury Trial. Vol. 9 of 16. (tb) (tb). (Entered: 10/26/2000) |
| 10/25/2000 | 313 (p.4530) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/26/00. In re: Jury Trial. Vol. 10 of 16. (tb) (tb). (Entered: 10/26/2000) |
| 10/25/2000 | 314 (p.4735) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/30/00. In re: Jury Trial. Vol. 11 of 16. (tb) (jch). (Entered: 10/26/2000) |
| 10/25/2000 | 315 (p.4999) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/31/00. In re: Jury Trial. Vol. 12 of 16. (tb) (mc5). (Entered: 10/26/2000) |
| 10/25/2000 | 316 (p.5152) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 6/1/00. In re: Jury Trial. Vol. 13 of 16. (tb) (mc5). (Entered: 10/26/2000) |

| 10/25/2000 | 317 (p.5270) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 6/8/00. In re: Jury Trial. Vol. 14 of 16. (tb) (mc5). (Entered: 10/26/2000) |
|---|---|---|
| 10/25/2000 | 318 (p.5489) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 6/9/00. In re: Jury Trial. Vol. 15 of 16. (tb) (mc5). (Entered: 10/26/2000) |
| 10/25/2000 | 319 (p.5747) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 6/12/00. In re: Jury Trial. Vol. 16 of 16. (tb) (mc5). (Entered: 10/26/2000) |
| 10/25/2000 | 320 (p.2481) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 4/28/00. In re: Pre-Trial Hearing. (tb) (tb). (Entered: 10/26/2000) |
| 10/25/2000 | 321 (p.2528) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 5/12/00. In re: Pre-Trial Hearing. (tb) (tb). (Entered: 10/26/2000) |
| 11/09/2000 | | Certified and transmitted record on appeal to U.S. Court of Appeals: as to Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1]. Copy of transmittal to Losch, Schwieger, Reaves, Owen, AUSA, Court. (tb) (Entered: 11/09/2000) |
| 12/11/2000 | 322 (p.380) | Appeal Transcript requested by USA as to Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] (tb) (tb). (Entered: 12/11/2000) |
| 12/15/2000 | | Letter of transmittal from USCA: The Court has granted the unopposed motion of appellee to supplement the record on appeal with punishment phase charge transcript in this case as to Brandon Bernard appeal [287-1] (tb) (Entered: 12/15/2000) |
| 01/18/2001 | 325 (p.5893) | Transcript filed by Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1] for dates of 6/12/00 -- Supplement to the Record (Court's Charge on Punishment) (mc) (tb). (Entered: 01/19/2001) |
| 01/22/2001 | | Transmitted supplemental record on appeal: as to Christopher Andre Vialva, Brandon Bernard appeal [291-1], appeal [287-1]. Copy of transmittal to Losch, Schwieger, Reaves, Owen, AUSA, Court. (tb) (Entered: 01/22/2001) |
| 01/23/2001 | 326 (p.381) | Order from the 5th Circuit as to Christopher Andre Vialva, Brandon Bernard. Ordered that the motion of Appellant Christopher Andre Vialva to extend time to file his brief, to and including 4/3/01 is GRANTED. Ordered that the motion of Appellant Vialva to supplement the record on appeal with the jury selection questionnaires is DENIED without prejudice to appellants' right to seek such relief from the District Court. Ordered that the motion of Appellant Vialva to supplement the record on appeal with co-defendants, Brandon Bernard's motions to be supplemented into the record on appeal for appellant, Vialva, is GRANTED. Ordered that the motion of Appellant Vialva to unseal motions in the record on appeal - Volume 1: pages 83, 101, 128 & 145, volume 2: page 91, volume 3: pages 540, 608, 615, 616, 617, 620 and 698 and volume 4: pages 764 and 812 is GRANTED. (tb) (Entered: 01/23/2001) |
| 01/23/2001 | 327 (p.383) | Corrected Order from the 5th Circuit as to Christopher Andre Vialva, Brandon Bernard. Ordered that the motion of Appellant Christopher Andre Vialva to extend time to file his brief, to and including 4/3/01 is GRANTED. Ordered that the motion |

| | | |
|---|---|---|
| | | of Appellant Vialva to supplement the record on appeal with the jury selection questionnaires is DENIED without prejudice to appellants' right to seek such relief from the District Court. Ordered that the motion of Appellant Vialva to supplement the record on appeal with co-defendants, Brandon Bernard's motions to be supplemented into the record on appeal for appellant, Vialva, is GRANTED. Ordered that the motion of Appellant Vialva to unseal motions in the record on appeal - Volume 1: pages 83, 101, 128 & 145, volume 2: page 491, volume 3: pages 540, 608, 615, 616, 617, 620 and 698 and volume 4: pages 764 and 812 is GRANTED. (tb) (Entered: 01/23/2001) |
| 04/12/2001 | | Letter of transmittal from USCA: The court has granted the motion to supplement the record in this case as to Brandon Bernard. appeal [287-1] (tb) (Entered: 04/12/2001) |
| 11/01/2002 | 343 (p.385) | Certified copy of judgment of USCA as to Brandon Bernard affirming as to Brandon Bernard (2) count(s) 1ss, 2ss, 3ss, 4ss appeal [287-1]. ISSUED AS MANDATE: 10/23/02. (tb) (Entered: 11/01/2002) |
| 06/23/2003 | | Letter of transmittal from USCA: as to Brandon Bernard appeal [287-1] -- Petition for a writ of certiorari is denied. (mc) (Entered: 06/24/2003) |
| 07/22/2003 | | Record on appeal returned from U.S. Court of Appeal as to Christopher Andre Vialva, Brandon Bernard : appeal [291-1], appeal [287-1]. Original Record on Appeal, 25 Vols.; Supplemental Record, 4 vols.; Original Exhibits, 2 Env. P.S. from the 5th Circuit: The first supplemental volume of record is missing. We requested that the court reporter produce another copy of the 6/12/00 transcript and send to your office for filing. (tb) (Entered: 07/23/2003) |
| 07/28/2003 | 352 (p.431) | Motion by Brandon Bernard for appointment of counsel for proceeding pursuant to 28:2255 (as) (tb). (Entered: 07/28/2003) |
| 08/15/2003 | 353 (p.437) | Motion by Brandon Bernard to expedite consideration of application under 21 USC 848(q)(4)(B) for appointment of counsel for proceeding pursuant to 28 USC 2255 (as) (tb). (Entered: 08/18/2003) |
| 08/18/2003 | 354 | Order as to Brandon Bernard granting motion for appointment of counsel for proceeding pursuant to 28:2255 [352-1] as to Brandon Bernard (2), granting motion to expedite consideration of application under 21 USC 848(q)(4)(B) for appointment of counsel for proceeding pursuant to 28 USC 2255 [353-1] as to Brandon Bernard (2). The Court appoints Robert Gombiner and Robert C. Owen as co-counsel... signed by Honorable Walter S. Smith (as) (Entered: 08/19/2003) |
| 08/20/2003 | 357 (p.442) | Notice of attorney appearance for Brandon Bernard by Robert C. Owen (as) (tb). (Entered: 08/20/2003) |
| 08/22/2003 | 358 (p.444) | Notice of attorney appearance for Brandon Bernard by Robert H. Gombiner (as) (tb). (Entered: 08/22/2003) |
| 09/04/2003 | 359 (p.446) | Response by Robert Gombiner as to Brandon Bernard to Court order [354-1] (as) (tb). (Entered: 09/04/2003) |
| 02/13/2004 | 365 (p.449) | Motion by Brandon Bernard for release of information (as) (tb). (Entered: 02/13/2004) |
| 02/25/2004 | 369 | Order as to Brandon Bernard granting in part motion for release of information [365-1]. The Clerk of the Court is directed to make the documentation required |

| | | |
|---|---|---|
| | | available to Mr. Robert H. Gombiner for review in the Clerk's Office. These documents may not be copied or removed from the Clerk's Office and may be reviewed for a reasonable time by Mr. Gombiner and one of his employees neither of whom shall reveal any information set forth in such documents without prior authorization of the Court signed by Honorable Walter S. Smith (as) (Entered: 02/26/2004) |
| 06/14/2004 | 377 (p.453) | Motion with index of exhibits by Brandon Bernard to vacate under 28 U.S.C. 2255 (Redacted) (as) (Additional attachment(s) added on 3/2/2018: # 1 (p.26) Exhibit, # 2 Exhibit, # 3 (p.30) Exhibit) (tb). (Entered: 06/15/2004) |
| 06/14/2004 | 378 (p.1158) | Motion by Brandon Bernard for leave to file under seal the unredacted 2255 motion (Received unredacted 2255 motion) (as) (tb). (Entered: 06/15/2004) |
| 06/21/2004 | 381 (p.1161) | Order as to Brandon Bernard denying motion for leave to file under seal the unredacted 2255 motion [378-1] as to Brandon Bernard (2). The Clerk of the Court is directed to file only Movant's redacted 2255 motion and to return the unredacted motion and exhibits to Movant's attorney signed by Honorable Walter S. Smith (as) (Entered: 06/22/2004) |
| 06/28/2004 | 384 (p.1162) | Order as to Brandon Bernard in re: motion to vacate under 28 U.S.C. 2255 [377-1] that Respondent shall serve its answer within 60 days after the service of the Movant's motion to vacate, set aside or correct sentence.... signed by Honorable Walter S. Smith (as) (Entered: 06/29/2004) |
| 06/29/2004 | 385 (p.1163) | Motion by Brandon Bernard for leave to file addendum under seal (Received Defendant's addendum) (as) (tb). (Entered: 06/30/2004) |
| 07/02/2004 | 387 (p.1166) | Motion by Brandon Bernard with memorandum in support for entry of a scheduling order (as) (tb). (Entered: 07/06/2004) |
| 07/02/2004 | 390 (p.1177) | Order as to Brandon Bernard granting motion for leave to file addendum under seal [385-1] as to Brandon Bernard (2) signed by Honorable Walter S. Smith (as) (Entered: 07/07/2004) |
| 07/02/2004 | 391 | SEALED DOCUMENT PLACED IN VAULT -- Addendum by Brandon Bernard in support of motion to vacate under 28 U.S.C. 2255 [377-1] (as) (tb). (Entered: 07/07/2004) |
| 07/13/2004 | 393 (p.1178) | Motion by USA as to Brandon Bernard to extend time for responding to 2255 motion (as) (tb). (Entered: 07/15/2004) |
| 07/19/2004 | 394 (p.1181) | Order as to Brandon Bernard granting Respondent's motion to extend time for responding to 2255 motion [393-1] as to Brandon Bernard (2). Ordered that Respondent shall file a response to Movant's 2255 motion no later than 11/25/04... signed by Honorable Walter S. Smith (as) (Entered: 07/20/2004) |
| 08/25/2004 | 402 (p.1182) | Order as to Brandon Bernard setting hearing requesting attorneys fees to 9:30 9/9/04 for Brandon Bernard signed by Honorable Walter S. Smith (as) (Entered: 08/30/2004) |
| 09/01/2004 | 403 (p.1183) | Order as to Brandon Bernard resetting hearing in re: attorney expenses to 9:30 9/30/04 for Brandon Bernard signed by Honorable Walter S. Smith (as) (Entered: 09/03/2004) |
| 09/30/2004 | 405 | Minutes of proceedings for Show Cause Hearing conducted on 9/30/04 as to Brandon Bernard by Judge Smith. Court Reporter: Kristie M. Davis (as) (tb). |

| | | |
|---|---|---|
| | | (Entered: 09/30/2004) |
| 09/30/2004 | | Show cause hearing for Brandon Bernard held in re: attorney expenses claimed by Robert Owen and Robert Gombiner held. Defendant was not present. The Court finds the fees are reasonable and will be approved. (as) (Entered: 09/30/2004) |
| 09/30/2004 | 406 | Sealed document as to Brandon Bernard placed in vault in re: attorney expenses (as) (tb). (Entered: 09/30/2004) |
| 11/05/2004 | 408 (p.1184) | Joint motion by Christopher Andre Vialva, Brandon Bernard for permission to interview jurors (as) (tb). (Entered: 11/08/2004) |
| 11/12/2004 | 411 (p.1192) | Motion by Brandon Bernard for leave to conduct discovery and brief in support (as) (tb). (Entered: 11/15/2004) |
| 11/12/2004 | 412 (p.1212) | Appendix to motion for leave to conduct discovery and brief in support [411-1] by Brandon Bernard as to Brandon Bernard (as) (tb). (Entered: 11/15/2004) |
| 11/16/2004 | 413 (p.1220) | Motion by USA as to Christopher Andre Vialva, Brandon Bernard for a two week extension of time to file the Government's responses to the section 2255 motions (as) (tb). (Entered: 11/17/2004) |
| 11/23/2004 | 414 (p.1223) | Order as to Christopher Andre Vialva, Brandon Bernard granting motion for a two week extension of time to file the Government's responses to the section 2255 motions [413-1] as to Christopher Andre Vialva (1), Brandon Bernard (2). The motion for an extension of time to respond to both motions on or before 12/8/04 is granted. Signed by Honorable Walter S. Smith (mc) (Entered: 11/24/2004) |
| 11/24/2004 | 415 (p.1224) | Joint motion by Christopher Andre Vialva, Brandon Bernard to extend time to file replies to the Government's response to the 2255 motions , and for permission to file oversized brief (as) (tb). (Entered: 11/29/2004) |
| 12/08/2004 | 416 (p.1227) | Amended motion by Brandon Bernard : to vacate under 28 U.S.C. 2255 amending motion to vacate under 28 U.S.C. 2255 [377-1] (as) (tb). (Additional attachment(s) added on 3/2/2018: # 1 (p.26) Exhibit) (tb). (Entered: 12/08/2004) |
| 12/08/2004 | 418 (p.1429) | Response by USA to motion by Brandon Bernard : motion to vacate under 28 U.S.C. 2255 [377-1] (as) (tb). (Entered: 12/08/2004) |
| 12/09/2004 | 420 (p.1661) | Order as to Christopher Andre Vialva, Brandon Bernard granting joint motion to extend time to file replies to the Government's response to the 2255 motions [415-1] as to Christopher Andre Vialva (1), Brandon Bernard (2), granting joint motion for permission to file oversized brief [415-2] as to Christopher Andre Vialva (1), Brandon Bernard (2). Any reply shall be filed by counsel for Vialva and Bernard on or before 60 days after the service of the United States' response. The 5 page limit is waived signed by Honorable Walter S. Smith (as) (Entered: 12/10/2004) |
| 01/05/2005 | 422 | Sealed document placed in vault by USA [417-1] (as) (tb). (Entered: 01/06/2005) |
| 02/07/2005 | 424 (p.1663) | Reply by Brandon Bernard to response by USA : response to motion to vacate under 28 U.S.C. 2255 [377-1] (as) (tb). (Entered: 02/08/2005) |
| 08/30/2005 | 432 | Filed CJA Form #30, interim payment no. 3 appointing Robert Owen in death penalty proceedings signed by Honorable Walter S. Smith (as) (Entered: 08/31/2005) |
| 09/28/2012 | 449 | ORDER DENYING 372 Motion to Vacate (2255) Certificate of Appealability is |

19-70021.20

| | | |
|---|---|---|
| | (p.1717) | DENIED as to Christopher Andre Vialva (1); DENYING 386 Motion as to Christopher Andre Vialva (1); DENYING 404 Motion for Discovery as to Christopher Andre Vialva (1); DENYING 408 (p.1184) Motion for permission to examine prospective jurors as to Christopher Andre Vialva (1), Brandon Bernard (2); DENYING 409 Motion for Reconsideration as to Christopher Andre Vialva (1); DENYING 425 Motion for Discovery as to Christopher Andre Vialva (1); GRANTING 428 Motion for Leave to File as to Christopher Andre Vialva (1); GRANTING 429 Motion for Leave to File as to Christopher Andre Vialva (1); DENYING 377 (p.453) Motion to Vacate (2255) Certificate of Appealability is DENIED as to Brandon Bernard (2); DENYING 387 (p.1166) Motion as to Brandon Bernard (2); DENYING 411 (p.1192) Motion for Leave to File as to Brandon Bernard (2); DENYING 416 (p.1227) Motion to Vacate (2255) Certificate of Appealability is DENIED as to Brandon Bernard (2). Signed by Judge Walter S. Smith. (tb) (Entered: 09/28/2012) |
| 09/28/2012 | 450 (p.1780) | JUDGMENT. ORDERED that the Motions to Vacate, Set Aside or Correct Sentence filed by Christopher Andre Vialva and Brandon Bernard are DENIED and these actions are DISMISSED. Signed by Judge Walter S. Smith. (tb) (Entered: 09/28/2012) |
| 10/25/2012 | 451 (p.1781) | Unopposed MOTION for Leave to Exceed Page Limitation *for Motion & Memorandum to Alter or Amend Judgment* by Brandon Bernard. (Attachments: # 1 (p.26) Proposed Order)(Owen, Robert) (Entered: 10/25/2012) |
| 10/25/2012 | 452 (p.1785) | MOTION for Reconsideration/to Alter or Amend Judgment re 450 (p.1780) Order by Brandon Bernard. (Attachments: # 1 (p.26) Proposed Order)(Owen, Robert) Modified on 10/30/2012 to add to the docket text (ad). (Entered: 10/25/2012) |
| 10/25/2012 | 453 (p.1789) | MEMORANDUM IN SUPPORT OF MOTION by Brandon Bernard re 452 (p.1785) MOTION for Reconsideration re 450 (p.1780) Order filed by Defendant Brandon Bernard (Attachments: # 1 (p.26) Exhibit A1-A7, # 2 Exhibit B, C, # 3 (p.30) Declaration of Robert C. Owen)(Owen, Robert) (Entered: 10/25/2012) |
| 10/30/2012 | 456 (p.1976) | ORDER GRANTING 451 (p.1781) Motion for Leave to File Excess Pages as to Brandon Bernard (2). Signed by Judge Walter S. Smith. (ad) (Entered: 10/30/2012) |
| 11/08/2012 | 457 (p.1977) | MOTION for Extension of Time to File Response/Reply as to 452 (p.1785) MOTION for Reconsideration re 450 (p.1780) Order by USA as to Brandon Bernard. (Frazier, Mark) (Entered: 11/08/2012) |
| 11/13/2012 | 459 (p.1980) | ORDER GRANTING 457 (p.1977) Motion for Extension of Time to File Response as to Brandon Bernard (2). Response due by 12/10/12. Signed by Judge Walter S. Smith. (tb) (Entered: 11/13/2012) |
| 12/06/2012 | 465 (p.1981) | RESPONSE TO MOTION by USA as to Brandon Bernard re 452 (p.1785) MOTION for Reconsideration re 450 (p.1780) Order filed by Defendant Brandon Bernard (Frazier, Mark) (Entered: 12/06/2012) |
| 12/07/2012 | 466 (p.1997) | NOTICE *of Intent to File A Reply to Government's Response to Motion to Alter or Amend Judgment* by Brandon Bernard re 465 (p.1981) Response to Motion (Owen, Robert) (Entered: 12/07/2012) |
| 12/13/2012 | 470 (p.2000) | REPLY TO RESPONSE to Motion by Brandon Bernard re 452 (p.1785) MOTION for Reconsideration re 450 (p.1780) Order filed by Defendant Brandon Bernard *NOTICE of NOT FILING* (Owen, Robert) (Entered: 12/13/2012) |

| | | |
|---|---|---|
| 12/18/2012 | 471 (p.2003) | REPLY TO RESPONSE to Motion by Christopher Andre Vialva re 455 MOTION for Reconsideration re 449 (p.1717) Order on Motion to Vacate (2255), Order on Motion for Miscellaneous Relief, Order on Motion for Discovery, Order on Motion to Examine Prospective Jurors, Order on Motion for Reconsideration,, Order on Motion for Le filed by Defendant Christopher Andre Vialva (Otto, Susan) Modified on 12/19/2012 to removed additional defendant's names as this document does not pertain to their case (ad). (Entered: 12/18/2012) |
| 12/19/2012 | | Notice of Correction: re 471 (p.2003) Reply to Response to Motion. This pleading only pertains to defendant Christoper Vialva. It was originally filed as to all 3 defendants. Access has been restricted to the 2 defendants that it does not pertain to. The docket text as to Christopher Vialva has been corrected to reflect that this pleading only pertains to him. No further action is necessary. (ad) (Entered: 12/19/2012) |
| 02/08/2013 | 473 (p.2010) | ORDER DENYING 454 Motion to Amend Judgment as to Christopher Andre Vialva (1); DENYING 455 Motion for Reconsideration as to Christopher Andre Vialva (1); DENYING 452 (p.1785) Motion for Reconsideration as to Brandon Bernard (2). Signed by Judge Walter S. Smith. (sm3) (Entered: 02/08/2013) |
| 03/28/2013 | 475 (p.2015) | Appeal of Order entered by District Judge 450 (p.1780) , 449 (p.1717) by Brandon Bernard. No filing fee submitted (Carpenter, John) (Entered: 03/28/2013) |
| 03/28/2013 | | NOTICE OF APPEAL following 475 (p.2015) Notice of Appeal (E-Filed) by Brandon Bernard Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out Form DKT-13 (Transcript Order) and follow the instructions set out on the form. If the appellant has a court appointed attorney under CJA, the Form CJA 24 should also be completed. Both forms are available in the Clerk's Office or by clicking the hyperlinks above. (ad) (Entered: 03/28/2013) |
| 04/16/2013 | 477 (p.2018) | TRANSCRIPT REQUEST by Brandon Bernard for dates of No Hearings re Notice of Appeal - Final Judgment. (ad) (Entered: 04/16/2013) |
| 04/16/2013 | 478 (p.2019) | TRANSCRIPT REQUEST by Brandon Bernard for dates of No Hearings re Notice of Appeal - Final Judgment. (ad) (Entered: 04/16/2013) |
| 04/30/2013 | | NOTICE that the certified Record on Appeal was emailed to 5th Circuit Court of Appeals as to Brandon Bernard re Notice of Appeal - Final Judgment. (ad) (Entered: 04/30/2013) |
| 04/30/2013 | 479 (p.2020) | Certified and Transmitted Record on Appeal as to Brandon Bernard to US Court of Appeals re Notice of Appeal - Final Judgment. (ad) (Entered: 04/30/2013) |
| 05/09/2013 | 481 (p.2021) | Acknowledgement Receipt for Record on Appeal as to Brandon Bernard by 5th Circuit Court of Appeals re 479 (p.2020) Appeal Record Sent to USCA. (ad) (Entered: 05/09/2013) |
| 08/22/2013 | 485 (p.2022) | ORDER of USCA (certified copy) as to Christopher Andre Vialva and Brandon Bernard regarding the granting of the motion to consolidate cases re Notice of Appeal - Final Judgment. 13-70013 and 13-70016 are now consolidated appeal cases. (ad) (Entered: 08/23/2013) |
| 08/13/2014 | 492 (p.2025) | JUDGMENT/MANDATE of USCA (certified copy) as to Christopher Andre Vialva and Brandon Bernard. Terminated appeal: Notice of Appeal - Final Judgment,, Notice of Appeal - Final Judgment. (ad) (Entered: 08/13/2014) |

| | | |
|---|---|---|
| 08/21/2014 | 493 (p.2051) | Appeal Record Returned as to Christopher Andre Vialva, Brandon Bernard re Notice of Appeal - Final Judgment,, Notice of Appeal - Final Judgment. (ad) (Entered: 08/21/2014) |
| 01/19/2016 | 496 (p.2053) | Letter of transmittal from USCA: as to Brandon Bernard appeal [475-1] -- Petition for a writ of certiorari is denied. (tb) (Entered: 01/20/2016) |
| 09/19/2016 | 560 (p.2062) | ORDER as to Brandon Bernard reassigning to Judge Robert Pitman. Judge Walter S. Smith no longer assigned for Brandon Bernard. Signed by Chief Judge Orlando L. Garcia. (tb) (Entered: 10/25/2017) |
| 04/20/2017 | 529 (p.2055) | MOTION for Extension of Time to File *Litigation Budget Proposal* by Tony Sparks as to Tony Sparks, Christopher Andre Vialva, Brandon Bernard. (Sergi, David) (Entered: 04/20/2017) |
| 10/25/2017 | 559 (p.2059) | NOTICE *of Intent to File Motion for Relief from Judgment* by Brandon Bernard (Carpenter, John) (Entered: 10/25/2017) |
| 10/26/2017 | 561 (p.2063) | ORDER OF RECUSAL in case as to Brandon Bernard. Judge Robert Pitman recused. Case as to Brandon Bernard reassigned to Judge Lee Yeakel for all further proceedings. Signed by Judge Robert Pitman. (tb) (Entered: 10/26/2017) |
| 11/28/2017 | 567 (p.2064) | MOTION for Leave to Exceed Page Limitation by Brandon Bernard. (Attachments: # 1 (p.26) Motion for Relief from Judgment, # 2 Exhibit A, # 3 (p.30) Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Carpenter, John) (Entered: 11/28/2017) |
| 11/29/2017 | 568 (p.2144) | ATTACHMENT *Proposed Order Granting Motion to Exceed Page Limit* to 567 (p.2064) MOTION for Leave to Exceed Page Limitation by Brandon Bernard (Carpenter, John) (Entered: 11/29/2017) |
| 11/29/2017 | | Text Order GRANTING 567 (p.2064) Motion for Leave to File Excess Pages as to Brandon Bernard (2) Entered by Judge Lee Yeakel. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg5) (Entered: 11/29/2017) |
| 11/30/2017 | 569 (p.2145) | MOTION for Relief from Judgment by Brandon Bernard. (Attachments: # 1 (p.26) Exhibit, # 2 Exhibit, # 3 (p.30) Exhibit, # 4 Exhibit, # 5 Exhibit)(tb) (Entered: 11/30/2017) |
| 12/20/2017 | 571 (p.2222) | ORDER DISMISSING 569 (p.2145) Motion for Relief from Judgment as to Brandon Bernard (2). Signed by Judge Lee Yeakel. (tb) (Entered: 12/21/2017) |
| 12/20/2017 | 573 (p.2228) | ORDERED that Movants' "Motions for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)," which have been construed as Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, are DISMISSED WITHOUT PREJUDICE for want of jurisdiction. It is finally ORDERED that the above styled and numbered causes are hereby CLOSED as to Brandon Bernard. Signed by Judge Lee Yeakel. (tb) (Entered: 12/21/2017) |
| 02/19/2018 | 596 (p.2229) | Appeal of Final Judgment by Brandon Bernard. No filing fee submitted (Owen, Robert) (Entered: 02/19/2018) |
| 02/19/2018 | | NOTICE OF APPEAL following 596 (p.2229) Notice of Appeal (E-Filed) by Brandon Bernard Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out Form DKT-13 (Transcript Order) and follow the instructions set out on the form. If the appellant has a court appointed attorney under CJA, the CJA 24 |

| | | |
|---|---|---|
| | | vouchers must be completed in the E-voucher system. (tb) (Entered: 02/20/2018) |
| 02/22/2018 | 599 (p.2231) | TRANSCRIPT REQUEST by Brandon Bernard for dates of N/A before Judge N/A,. Proceedings Transcribed: N/A. Court Reporter: N/A. re Notice of Appeal - Final Judgment,, (Carpenter, John) (Entered: 02/22/2018) |
| 03/02/2018 | 608 | Personal Data Sheet (SEALED) as to Brandon Bernard (tb) (Entered: 03/02/2018) |
| 03/05/2018 | | Certification of the Electronic Record on Appeal has been accepted by the 5th Circuit as to Brandon Bernard re Notice of Appeal - Final Judgment. Attorneys are advised that they may now download the EROA from the Fifth Circuit CM/ECF site. Please click this link to download the instructions here. (tb) (Entered: 03/05/2018) |
| 09/14/2018 | 660 (p.2232) | JUDGMENT/MANDATE of USCA (certified copy) as to Christopher Andre Vialva, Brandon Bernard. Terminated appeal: 476 Notice of Appeal (E-Filed), 595 Notice of Appeal (E-Filed), Notice of Appeal - Final Judgment, Notice of Appeal - Final Judgment, 596 (p.2229) Notice of Appeal (E-Filed). (tb) (Entered: 09/17/2018) |
| 02/04/2019 | 661 (p.2245) | MOTION to Vacate under 28 U.S.C. 2255 *Judgment* by Brandon Bernard. (Attachments: # 1 (p.26) Exhibit 1, # 2 Exhibit 2, # 3 (p.30) Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 (p.31) Exhibit 7, # 8 (p.36) Exhibit 8, # 9 Exhibit 9)(Carpenter, John) (Entered: 02/04/2019) |
| 02/04/2019 | 662 (p.2417) | MOTION for Leave to Exceed Page Limitation by Brandon Bernard. (Attachments: # 1 (p.26) Proposed Order)(Carpenter, John) (Entered: 02/04/2019) |
| 02/05/2019 | 663 (p.2422) | ORDER as to Christopher Andre Vialva, Brandon Bernard reassigning to Judge Alan D Albright. Judge Lee Yeakel no longer assigned for Christopher Andre Vialva, Brandon Bernard. Signed by Judge Lee Yeakel. (lad) (Entered: 02/05/2019) |
| 02/06/2019 | | Text Order GRANTING 662 (p.2417) Motion for Leave to File Excess Pages as to Brandon Bernard (2) Entered by Judge Alan D Albright. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg5) (Entered: 02/06/2019) |
| 08/08/2019 | 664 (p.2423) | ORDER DENYING 661 (p.2245) Motion to Vacate (2255) Certificate of Appealability is DENIED as to Brandon Bernard (2). Signed by Judge Alan D Albright. (bw) (Entered: 08/08/2019) |
| 08/08/2019 | 665 (p.2432) | ORDER of Judgment on 2255 Motion to Vacate as to Brandon Bernard. Signed by Judge Alan D Albright. (lad) (Entered: 08/08/2019) |
| 09/03/2019 | 666 (p.2433) | MOTION to Amend Judgment *or In The Alternative for Relief from Judgment, Pursuant to Fed. R. Civ. P. 59(e) and 60(b)* by Brandon Bernard. (Attachments: # 1 (p.26) Proposed Order)(Carpenter, John) (Entered: 09/03/2019) |
| 09/10/2019 | 667 (p.2442) | ORDER AMENDING JUDGMENT and transferring to Fifth Circuit as to Brandon Bernard re 666 (p.2433) MOTION to Amend Judgment *or In The Alternative for Relief from Judgment, Pursuant to Fed. R. Civ. P. 59(e) and 60(b)*. Signed by Judge Alan D Albright. (lad) (Entered: 09/10/2019) |
| 11/08/2019 | 668 (p.2444) | Appeal of Final Judgment 665 (p.2432) , 664 (p.2423) , 667 (p.2442) by Brandon Bernard. No filing fee submitted (Carpenter, John) (Entered: 11/08/2019) |
| 11/08/2019 | | NOTICE OF APPEAL following 668 (p.2444) Notice of Appeal (E-Filed) by Brandon Bernard Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant |

| | | should fill out <u>Form DKT-13</u> (Transcript Order) and follow the instructions set out on the form. If the appellant has a court appointed attorney under CJA, the CJA 24 vouchers must be completed in the E-voucher system. (am) (Entered: 11/08/2019) |

# 2

Notice of Appeal

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. W-99-CR-070(2)-ADA |
| Plaintiff, | ) | CIVIL NO. W-04-CV-164 |
| v. | ) | **\*CAPITAL CASE\*** |
| BRANDON BERNARD, | ) | |
| Defendant. | ) | |

### NOTICE OF APPEAL

Brandon Bernard hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Order and Final Judgment entered by this Court on August 8, 2019 (Docs 664 and 665, respectively), dismissing without prejudice his Motion for Relief from Judgment (Doc. 661), and from each and every subsidiary adverse ruling and finding forming the bases for said order and final judgment.

Mr. Bernard also hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Order Amending Judgment entered by this Court on September 10, 2019 (Doc. 667), transferring his Motion for Relief from Judgment (Doc. 661) to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631, and from each and every subsidiary adverse ruling and finding forming the basis for said order.

NOTICE OF APPEAL
(*U.S. v. Bernard*; Crim. No. W-99-CR-070(2)-ADA;
No. W-04-CV-164)   - 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

19-70021.2444

Mr. Bernard has been represented throughout these proceedings by counsel appointed under 18 U.S.C. § 3006A, the Criminal Justice Act. *See* Doc. 354 (order appointing counsel for proceedings under 28 U.S.C. § 2255). Mr. Bernard remains indigent and financially unable to obtain adequate representation and other reasonably necessary services. Continued appointment of counsel is authorized under 18 U.S.C. § 3599 and this appeal should proceed *in forma pauperis*, pursuant to Rule 24(a)(3), Federal Rules of Appellate Procedure.

Dated this 8th day of November, 2019.

Respectfully submitted,

Robert C. Owen
Law Office of Robert C. Owen, L.L.C.
53 W. Jackson Blvd., Suite 1056
Chicago, IL  60604
(512) 577-8329
robowenlaw@gmail.com

John R. Carpenter
Asst. Federal Public Defender
1331 Broadway, Suite 400
Tacoma, Washington  98402
(253) 593.6710
john_carpenter@fd.org

NOTICE OF APPEAL
(*U.S. v. Bernard*; Crim. No. W-99-CR-070(2)-ADA;
No. W-04-CV-164)   - 2

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

19-70021.2445

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

*s/ Amy Strickling*
Amy Strickling, Paralegal to
John R. Carpenter
Attorney for Brandon Bernard

NOTICE OF APPEAL
(*U.S. v. Bernard*; Crim. No. W-99-CR-070(2)-ADA;
No. W-04-CV-164)   - 3

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

19-70021.2446

# 3

Second Superseding Indictment

**FILED**

IN THE UNITED STATES DISTRICT COURT

MAR 2 8 2000

FOR THE WESTERN DISTRICT OF TEXAS

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CRIMINAL NO. W-99-CR-070 |
| | * | |
| Plaintiff, | * | **SECOND SUPERSEDING** |
| | * | **INDICTMENT** |
| V. | * | |
| | * | [Vio.: 18 U.S.C. § 2119 -- Carjacking; |
| CHRISTOPHER ANDRE VIALVA, (1) | * | 18 U.S.C. 1117 (18 U.S.C. § 1111{a}{b} |
| BRANDON BERNARD, (2) | * | -- Conspiracy to Commit Murder; 18 |
| TONY SPARKS, (3) | * | U.S.C. 1111(a)(b) – First Degree Murder |
| Defendant. | * | on a Government Reservation; 18 U.S.C. |
| | | 2 – Aiding and Abetting] |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[18 U.S.C. 2119 & 2]

On or about June 21, 1999, in the Western District of Texas, Defendants,

CHRISTOPHER ANDRE VIALVA,
BRANDON BERNARD,
and
TONY SPARKS,

aided and abetted by each other and others known to the Grand Jury, with the intent to cause death

and serious bodily harm, did attempt to take and did take a motor vehicle that had been transported,

shipped, and received in interstate commerce, namely, a 1989 Buick Le Sabre automobile, Iowa

License Plate Number 353-EXL, Vehicle Identification Number 1G4HR54C5KH455369 from the

person and presence of Todd A. Bagley by force and violence, and by intimidation, and did shoot

said Todd A. Bagley with a firearm, which resulted in the death of said Todd A. Bagley, in violation

of Title 18, United States Code, Section 2119 and 2.

/70

19-70021.134

COUNT TWO
[18 U.S.C. 1117 {18 U.S.C. 1111(a)}]

From on or about June 20, 1999 and continuing thereafter until on or about June 21, 1999,

on Ft. Hood, Bell County, Texas, in the Western District of Texas, a place within the special

maritime and territorial jurisdiction of the United States, and at other places within the Western

District of Texas, Defendants,

CHRISTOPHER ANDRE VIALVA,
and
BRANDON BERNARD,

did knowingly, willfully and unlawfully conspire and agree together and with other persons known

to the Grand Jury, to kill, with premeditation and malice aforethought, Todd A. Bagley and Stacie

L. Bagley, by shooting them with a firearm and by setting fire to the vehicle in which the said Todd

A. Bagley and Stacie L. Bagley lay, contrary to Title 18, United States Code, Section 1111(a) and

(b).

In furtherance of such agreement and conspiracy and to effect the objects thereof, the

defendants and co-conspirators committed the following overt acts, among others:

1.  On June 21, 1999, in the Western District of Texas, CHRISTOPHER ANDRE VIALVA and others took a 1989 Buick Le Sabre from Todd A. Bagley and Stacie L. Bagley at gunpoint, and forced Todd A. Bagley and Stacie L. Bagley into the trunk of their Buick Le Sabre.

2.  On June 21, 1999, in the Western District of Texas, BRANDON BERNARD, driving a getaway car, traveled with CHRISTOPHER ANDRE VIALVA, who was driving the stolen 1989 Buick Le Sabre with Todd A. Bagley and Stacie L. Bagley still in the trunk of the vehicle, to a remote area of Ft. Hood, Bell County, Texas, whereupon the trunk of the 1989 Buick Le Sabre was opened and CHRISTOPHER ANDRE VIALVA shot Todd A. Bagley and Stacie L. Bagley with a firearm.

All in violation of Title 18, United States Code, Section 1117.

19-70021.135

## COUNT THREE
### [18 U.S.C. 1111(a) & (b)]

On or about June 21, 1999, on Fort Hood, Bell County, Texas, in the Western District of Texas, a place within the special maritime and territorial jurisdiction of the United States, Defendants,

**CHRISTOPHER ANDRE VIALVA,**
and
**BRANDON BERNARD,**

aided and abetted by each other and others known to the Grand Jury, unlawfully and with malice aforethought, did willfully, deliberately, maliciously and with premeditation kill Todd A. Bagley, by shooting him with a firearm, in violation of Title 18, United States Code, Sections 2, 7(3) , 1111(a) and (b).

On or about June 21, 1999, on Fort Hood, Bell County, Texas, in the Western District of Texas, a place within the special maritime and territorial jurisdiction of the United States, Defendants,

**CHRISTOPHER ANDRE VIALVA,**
and
**BRANDON BERNARD,**

aided and abetted by each other and others known the Grand Jury, unlawfully and with malice aforethought, did kill Todd A. Bagley, by shooting him with a firearm, in the perpetration of and in the attempt to perpetrate an arson and murder, in violation of Title 18, United States Code, Sections 2, 7(3), 1111(a) and (b).

19-70021.136

## COUNT FOUR
### [18 U.S.C. 1111(a) & (b)]

On or about June 21, 1999, on Fort Hood, Bell County, Texas, in the Western District of Texas, a place within the special maritime and territorial jurisdiction of the United States, Defendants,

### CHRISTOPHER ANDRE VIALVA,
### and
### BRANDON BERNARD,

aided and abetted by each other and others known to the Grand Jury, unlawfully and with malice aforethought, did willfully, deliberately, maliciously and with premeditation kill Stacie L. Bagley, by shooting her with a firearm and by setting fire to the vehicle in which said Stacie L. Bagley lay after having been shot, in violation of Title 18, United States Code, Sections 2, 7(3), 1111(a) and (b).

On or about June 21, 1999, on Fort Hood, Bell County, Texas, in the Western District of Texas, a place within the special maritime and territorial jurisdiction of the United States, Defendants,

### CHRISTOPHER ANDRE VIALVA,
### and
### BRANDON BERNARD,

aided and abetted by each other and others known to the Grand Jury, unlawfully and with malice aforethought, did kill Stacie L. Bagley, by shooting her with a firearm and by setting fire to the vehicle in which said Stacie L. Bagley lay after having been shot, in the perpetration of and in the attempt to perpetrate an arson and murder, in violation of Title 18, United States Code, Sections 2, 7(3), 1111(a) and (b).

19-70021.137

TRUE BILL:

_____
FOREPERSON

JAMES WILLIAM BLAGG
United States Attorney

By:_____
Assistant U. S. Attorney

19-70021.138

# 4

Jury Verdict

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION



FILED

JUN - 1 1999

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA     §
                            §
v.                          §     Criminal No. W-99-CR-070
                            §
CHRISTOPHER ANDRE VIALVA     §
BRANDON BERNARD              §

*********************************************************************

V E R D I C T     F O R M

*********************************************************************



IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. W-99-CR-070 |
| | § | |
| CHRISTOPHER ANDRE VIALVA | § | |
| BRANDON BERNARD | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### V E R D I C T    F O R M

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1) We, the jury, unanimously find each of the following Defendants "Guilty" or "Not Guilty" of the offense of Carjacking as alleged in Count One of the indictment.

Christopher Andre Vialva    *Guilty*

Brandon Bernard    *Guilty*

2) We, the jury, unanimously find each of the following Defendants "Guilty" or "Not Guilty" of the offense of conspiracy to commit premeditated murder as alleged in Count Two of the indictment.

Christopher Andre Vialva    *Guilty*

Brandon Bernard    *Guilty*



3(a) We, the jury, unanimously find each of the following Defendants "Guilty" or "Not Guilty" of the offense of premeditated murder of Todd A. Bagley committed within the special maritime and territorial jurisdiction of the United States as alleged in Count Three of the Indictment.

Christopher Andre Vialva       Guilty

Brandon Bernard       Guilty

For any Defendant that you have found "Not Guilty" in Number 3(a) above, answer Number 3(b). If you have found both Defendants guilty of premeditated murder as alleged in Count Three of the Indictment, then do not answer Number 3(b) below and proceed to Number 4.

3(b) We, the jury, unanimously find each of the following Defendants "Guilty" or "Not Guilty" of the offense of felony murder of Todd A. Bagley committed as a consequence to murder or arson within the special maritime and territorial jurisdiction of the United States as alleged in Count Three of the Indictment.

Christopher Andre Vialva

Brandon Bernard

3



4(a) We, the jury, unanimously find each of the following Defendants "Guilty" or "Not Guilty" of the offense of premeditated murder of Stacie L. Bagley committed within the special maritime and territorial jurisdiction of the United States as alleged in Count Four of the Indictment.



Christopher Andre Vialva     _Guilty_

Brandon Bernard     _Guilty_

For any Defendant that you have found "Not Guilty" in Number 4(a) above, answer Number 4(b). If you have found both Defendants guilty of premeditated murder as alleged in Count Four of the Indictment, then do not answer Number 4(b).

4(b) We, the jury, unanimously find each of the following Defendants "Guilty" or "Not Guilty" of the offense of felony murder of Stacie L. Bagley committed as a consequence to murder or arson within the special maritime and territorial jurisdiction of the United States as alleged in Count Four of the Indictment.

Christopher Andre Vialva     _____

Brandon Bernard     _____

_____6-7-00_____
DATE

_Calvin Kingler_
PRESIDING JUROR

4

# 5

Order Amending Judgment

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>BRANDON BERNARD,<br><br>        Defendant. | CIVIL  NO. W-04-CV-164<br>CRIM. NO. W-99-CR-070(2)-ADA<br><br>**\*CAPITAL CASE\***<br><br>ORDER AMENDING JUDGMENT |

The court hereby amends the Judgment entered in the above-styled and numbered cause as follows.

Pursuant to this Court's Order of August 8, 2019 (ECF No. 664), **IT IS HEREBY ORDERED, ADJUDGED** and **DECREED** that Movant Brandon Bernard's Motion for Relief from Judgment (ECF No. 661) is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to the authority of 18 U.S.C. § 1631.  This case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this __ day of _____, 2019.

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

19-70021.2442

Presented by:

Robert C. Owen
Law Office of Robert C. Owen
1333 W. Devon Ave., #316
Chicago, IL  60660
(512) 577-8329
robowenlaw@gmail.com

John R. Carpenter
Asst. Federal Public Defender
1331 Broadway, Suite 400
Tacoma, Washington  98402
(253) 593.6710
john_carpenter@fd.org

ORDER AMENDING JUDGMENT
(*United States v. Bernard*; No. W-04-CV-164) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

19-70021.2443

# 6

Judgment

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CIVIL NO. W-04-CV-164** |
| **V.** | § | **CRIMINAL NO. W-99-CR-070 (2)-ADA** |
| | § | |
| **BRANDON BERNARD** | § | **\* CAPITAL CASE \*** |

# J U D G M E N T

The court has considered the Judgment to be entered in the above-styled and numbered cause.

Pursuant to this Court's Order of even date herewith, **IT IS HEREBY ORDERED, ADJUDGED** and **DECREED** that Movant Brandon Bernard's Motion for Relief From Judgment (ECF No. 661) is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. No Certificate of Appealability shall issue in this case. This case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this 8th day of August, 2019.**

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

19-70021.2432

# 7

Order on Motion for Relief from Judgment

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CIVIL NO. W-04-CV-164 |
| V. | § | CRIMINAL NO. W-99-CR-070 (2)-ADA |
| | § | |
| BRANDON BERNARD | § | * CAPITAL CASE * |

## ORDER ON MOTION FOR RELIEF FROM JUDGMENT

Movant Brandon Bernard was convicted under federal law of capital murder and sentenced to death.   His conviction and sentence were affirmed on direct appeal and he unsuccessfully challenged his conviction and sentence pursuant to 28 U.S.C. § 2255.   Bernard has now filed a Motion for Relief From Judgment (ECF No. 661) in this Court which he contends is either a non-successive, "second-in-time" motion under § 2255 or, in the alternative, a motion filed pursuant to Federal Rule of Civil Procedure 60(b).   In either scenario, Bernard seeks to set aside his death sentence based on the allegation that his sentence was secured, in part, by the Government's failure to disclose favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).   The Government has not responded to Bernard's motion. Nevertheless, after carefully considering the motion and the governing legal authorities, the Court concludes Bernard's motion should be construed as a successive § 2255 motion which this Court is prohibited from considering.   The motion is therefore dismissed for lack of jurisdiction.

## Background

In June 2000, Bernard and his co-defendant Christopher Vialva were jointly tried and convicted in the Western District of Texas for their part in the carjacking and murder of Todd and Stacie Bagley while on federal government property.   Both were sentenced to death.   As

19-70021.2423

stated previously, their convictions were affirmed on direct appeal and certiorari was denied by the United States Supreme Court. *United States v. Bernard*, 299 F.3d 467 (5th Cir. 2002), *cert. denied*, 539 U.S. 928 (2003). Bernard and Vialva then challenged their convictions and sentences by filing motions to vacate, set aside, or correct under 28 U.S.C. § 2255 alleging a myriad of constitutional violations. After careful consideration, the district court—the Honorable Judge Walter S. Smith, Jr. presiding[1]—denied an evidentiary hearing, denied the § 2255 motions and the claims raised therein, and denied a certificate of appealability (COA). (ECF No. 449). On appeal, the Fifth Circuit also denied Bernard and Vialva a COA and their petitions for certiorari review were again denied by the Supreme Court in early 2016. *United States v. Bernard*, 762 F.3d 467 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 892 (2016).

In January 2017, Tony Sparks—one of Bernard and Vialva's juvenile co-conspirators who was sentenced to life imprisonment after pleading guilty to carjacking—was granted a new sentencing hearing on the basis of the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). *See Sparks v. United States*, 2019 WL 1415775 at *1 (W.D. Tex. 2017). This resentencing hearing was held in February 2018, during which the Government called former Killeen Police Department (KPD) Sergeant Sandra Hunt as an expert witness. Sergeant Hunt, who previously headed the KPD's gang unit, testified about her investigation into the organizational hierarchy of the 212 PIRU Bloods, a Killeen gang to which Bernard, Vialva, Sparks, and the other co-conspirators belonged. According to Sergeant Hunt, both Vialva and Sparks occupied a relatively high position in the gang's hierarchy while Bernard "was at the very bottom of the chart." (ECF No. 661, Exhibit 1 at 9). Although she had conveyed this information to federal prosecutors during their investigation of the Bagley murders, the

---

[1] Judge Smith also presided over Bernard and Vialva's original trial.

19-70021.2424

Government did not present Sergeant Hunt's opinions concerning the gang's hierarchy during Bernard and Vialva's trial.

Bernard filed the instant motion nearly one year after Sergeant Hunt testified at the Sparks resentencing hearing.  In the motion, Bernard contends that not only did the Government fail to present Sergeant's Hunt's conclusions at his trial, it failed to disclose this information to Bernard's trial counsel while actively misleading the jury into believing the 212 PIRU Bloods lacked any organizational structure.  As a result, Bernard argues, the Government violated his constitutional rights under *Brady* by withholding favorable evidence and intentionally misleading the jury in violation of *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  Bernard asks this Court to vacate his sentence of death pursuant to § 2255 and order a new sentencing hearing.  In the alternative, should the Court find that the § 2255 motion is successive, Bernard seeks to reopen his original § 2255 proceedings under Rule 60(b) so the Court can address the new allegations on the merits.

## Analysis

**A.**     **Bernard's § 2255 Motion is Successive.**

Under 28 U.S.C. § 2244(b)(3), an applicant must first move in the appropriate court of appeals for an order authorizing the district court to consider a "second or successive" application for writ of habeas corpus before the application is filed in the district court.  Because the statute does not define what constitutes a "second or successive" motion, however, the phrase takes meaning from case law, some of which predates the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (suggesting that the definition of "second or successive" would be the same under AEDPA as under pre-AEDPA law).  Under this case

19-70021.2425

law, a motion that is literally second or successive in time is not necessarily "second or successive" for purposes of AEDPA. See *Panetti*, 551 U.S. at 943-44 (declining "to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."); *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643-46 (1998).   Rather, a numerically second petition or motion is "second or successive" only if it (1) raises a claim challenging the conviction or sentence "that was or could have been raised" in a prior action or (2) otherwise constitutes an abuse of the collateral challenge.  *United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)).

Bernard argues the instant § 2255 motion should not be considered "second or successive," and he should not be required to seek preauthorization, because his motion is based on material evidence that was concealed by the Government until the Sparks resentencing hearing in February 2018.  Citing *Panetti*, Bernard contends AEDPA's gatekeeping provisions do not apply to second-in-time *Brady* claims where the Government prevented the claim from being raised in the original § 2255 motion because such a requirement would have a "far reaching and seemingly perverse" implication for habeas practice and is contrary to AEDPA's stated principles of comity, finality, and federalism.  Bernard's argument, while compelling, is ultimately unpersuasive because it is not supported by a single relevant authority.

Indeed, Bernard's assertion that his *Brady/Napue* claims are not "second or successive" or that the claims are in tension with AEDPA's requirements for successive petitions has been rejected conclusively by the Fifth Circuit.  *See Blackman v. Davis*, 909 F.3d 772, 778-79 (5th Cir. 2018), *as revised* (Dec. 26, 2018) (applying § 2244(b) to a petitioner's *Brady* claim based on

19-70021.2426

previously undiscovered facts); *In re Davila*, 888 F.3d 179, 184-87 (5th Cir. 2018) (applying § 2244(b) to a petitioner's *Brady* claim); *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) (emphasizing that "[s]ection 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.") (emphasis in original); *Johnson v. Dretke*, 442 F.3d 901, 911 (5th Cir. 2006) (applying the AEDPA's gatekeeping provisions to a second-in-time *Brady* claim in the state habeas context); *see also In re Coleman*, 344 F. App'x 913, 2009 WL 2957743 (5th Cir. 2009) (unpublished) (same).

Several other circuit courts have also ruled that second-in-time *Brady* claims are not exempt from AEDPA's second or successive restrictions. *See Brown v. Muniz*, 889 F.3d 661 (9th Cir. 2018) (holding that petitioner's *Brady* claim was subject to AEDPA's second or successive gatekeeping requirements because the factual predicate supporting the *Brady* claim existed at the time of the first habeas petition); *In re Pickard*, 681 F.3d 1201, 1205 (10th Cir. 2012) (*Brady* claims were "certainly second-or-successive . . . because they assert[ed] a basis for relief from the underlying convictions"); *Quezada v. Smith*, 624 F.3d 514, 520-22 (2d Cir. 2010) (applying § 2244(b) to *Brady* claim); *In re Siggers*, 615 F.3d 477, 479 (6th Cir. 2010) (same); *Tompkins v. Secretary, Dept. of Corrections*, 557 F.3d 1257, 1259-60 (11th Cir. 2009) (per curiam) (holding that all second-in-time *Brady* claims are subject to AEDPA's gatekeeping provisions); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000) (same); *see also Crawford v. Minnesota*, 698 F.3d 1086, 1088–89 (8th Cir. 2012) (petitioner was required to obtain authorization to file a successive petition containing nonmaterial *Brady* claims).

To support his assertion, Bernard relies almost exclusively on the arguments made by the Eleventh Circuit in *Scott v. United States*, 890 F.3d 1239 (11th Cir. 2018). In *Scott*, the court examined whether AEDPA's gatekeeping provision should apply to a *Brady* allegation that could

19-70021.2427

not be discovered through the exercise of due diligence.  After applying what it termed the "*Panetti* factors"—the implications for habeas practice, the purposes of AEDPA, and the abuse-of-the-writ doctrine—the court determined that a second-in-time collateral claim based on a newly-revealed *Brady* violation should not be considered "second or successive" for purposes of AEDPA.  *Id*. at 1253.  Nevertheless, the court was forced to conclude it was bound by prior precedent holding that, "in § 2255 cases, all second-in-time *Brady* claims are 'second or successive' under § 2255(h), even if the petitioner could not reasonably have been expected to discover the *Brady* violation[.]"  *Id*. at 1259 (citing *Tompkins*, 557 F.3d at 1257).

Citing the *Scott* court, Bernard contends that *Tompkins*, as well as the previously-cited Fifth Circuit cases, were all wrongly decided because they did not involve an analysis of the "*Panetti* factors" in determining whether *Brady* claims are governed by AEDPA's gatekeeping provision.  This Court takes no position on whether these cases were incorrectly decided in light of *Panetti*.  But like the court in *Scott*, this Court is bound by clear circuit precedent indicating that Bernard's second-in-time *Brady/Napue* claims are "second or successive" within the meaning of § 2244(b) and § 2255(h).

Thus, until the Fifth Circuit says otherwise, Bernard must seek preauthorization to file the instant § 2255 motion before the Court can consider the merits of the *Brady/Napue* claims. Because he has not done so, Bernard's successive application for writ of habeas corpus will be dismissed.  *See Burton v. Stewart*, 549 U.S. 147, 152  (2007) (holding the district court lacked jurisdiction to consider a successive § 2254 petition since petitioner did not obtain authorization from the court of appeals); *In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (petitioner must receive authorization before filing successive habeas petition).

19-70021.2428

**B.      Bernard's Alternative Motion Under Rule 60(b) is Also Successive.**

Even if his § 2255 motion is deemed successive, Bernard argues he is entitled to relief under Federal Rule of Civil Procedure 60(b).  A district court has jurisdiction to consider a Rule 60(b) motion in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings."  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *United States v. Williams*, 274 Fed. App'x 346, 347 (5th Cir. 2008) (applying *Gonzalez* to § 2255 motions).  A motion that seeks to add a new ground for relief or attacks the previous resolution of a claim on the merits is, in fact, a successive petition subject to the standards of § 2244(b).  *Gonzalez*, 545 U.S. at 531-32; *In re Sepulvado*, 707 F.3d 550, 552 (5th Cir. 2013).  In other words, a motion that asserts or reasserts substantive claims of error attacking the validity of the movant's conviction may be treated as a successive § 2255 motion to vacate.

By contrast, a motion that shows "a non-merits-based defect in the district court's earlier decision on the federal habeas petition" falls within the jurisdiction of the district court to consider.  *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010).  Thus, if the Rule 60 motion only attacks a "defect in the integrity" of the petitioner's federal habeas proceedings and does not seek to advance any new substantive claims, the motion shall not be treated as a second-or-successive petition.  *Gonzalez*, 545 U.S. at 532.  However, it is extraordinarily difficult to establish a claim of procedural defect:

> Procedural defects are narrowly construed.  They include fraud on the habeas court, as well as erroneous previous rulings which precluded a merits determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.  They generally do not include an attack based on the movant's own conduct, or his habeas counsel's omissions, which do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably.

*In re Coleman*, 768 F.3d 367, 371-72 (5th Cir. 2014) (alterations omitted).

19-70021.2429

Bernard argues his request for Rule 60 relief is not a successive habeas petition because it is solely an attack on a defect in his prior habeas proceedings—namely, the Government's continued withholding of the *Brady* material during Bernard's original § 2255 proceeding coupled with its representation to the Court that it had provided open-file discovery. Although Bernard argues that it is only this second violation—the Government's representation of an open-file policy, and not the underlying *Brady/Napue* allegations—that entitle him to reopen the § 2255 proceeding, even a cursory examination of the motion reveals the true intent is to bring the new allegations before the Court. Bernard all but admits this by stating that the appropriate remedy for the alleged defect is to allow him to file an amended motion that incorporates the new allegations he wishes to litigate. (ECF No. 661 at 63). That is the very definition of a successive petition. *See In re Edwards,* 865 F.3d 197, 204-05 (5th Cir. 2017) (finding attempt to bring new claims under the guise of "defects in the integrity of the original habeas proceedings" to be successive). Because the alleged procedural defects are simply an attempt to circumvent § 2244, Bernard's motion must be dismissed as successive.

## Conclusion

The Court concludes Bernard's motion should be construed as successive under § 2255. However, Bernard has not obtained leave from the Fifth Circuit Court of Appeals to file a successive motion as dictated by § 2244(b)(3)(A) and § 2255(h). Therefore, this Court lacks jurisdiction to consider the motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the appellate court has granted petitioner permission to file one).

19-70021.2430

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Movant Brandon Bernard's Motion for Relief From Judgment (ECF No. 661), construed as a successive § 2255 motion,  is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction;

2.      To the extent Bernard's motion is considered a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), this motion is also **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction;

3.      Bernard failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, this Court **DENIES** Bernard a certificate of appealability.  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

4.      All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this 8th day of August, 2019.**

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

9

19-70021.2431

# 8

Transcript Testimony of Sgt. Sandra Hunt from *United States v. Sparks*, No. WA:99-CR-00070(3)-LY (February 21, 2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) WA:99-CR-00070(3)-LY |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | ) AUSTIN, TEXAS |
| | ) |
| TONY SPARKS, | ) |
| | ) |
|   Defendant. | ) FEBRUARY 21, 2018 |

***********************************************
TRANSCRIPT OF RESENTENCING HEARING
BEFORE THE HONORABLE LEE YEAKEL
VOLUME 4
***********************************************

APPEARANCES:

FOR THE PLAINTIFF:  MARK FRAZIER
U.S. ATTORNEY'S OFFICE
800 FRANKLIN, SUITE 280
WACO, TEXAS 76701

MICHAEL R. HARDY
ASSISTANT UNITED STATES ATTORNEY
601 NW LOOP 410, SUITE 600
SAN ANTONIO, TEXAS 78216-5512

FOR THE DEFENDANT:  DAVID K. SERGI
ANTHONY J. FUSCO
DAVID K. SERGI & ASSOCIATES, P.C.
329 S. GUADALUPE
SAN MARCOS, TEXAS 78666

COURT REPORTER:  ARLINDA RODRIGUEZ, CSR
501 WEST 5TH STREET, SUITE 4152
AUSTIN, TEXAS 78701
(512) 391-8791

Proceedings recorded by computerized stenography, transcript produced by computer.

19-70021.3313   EXHIBIT 1

Thank you.

MR. FRAZIER:  Pass the witness, Judge.

MR. SERGI:  I have no questions, sir.

THE COURT:  You may step down.

THE WITNESS:  (Complies).

MR. FRAZIER:  Sandra Hunt.

(Witness sworn)

**SANDRA HUNT**

having been first duly sworn, testified as follows:

**DIRECT EXAMINATION**

**BY MR. FRAZIER:**

Q.   And would you please introduce yourself to the Court, ma'am.

A.   Sandra Hunt.

Q.   How are you employed currently?

A.   Currently I'm an investigator with the Bell County Attorney's Office, previously a retired sergeant with the Killeen Police Department.

Q.   And how long were you with the Killeen Police Department?

A.   Twenty-nine years.

Q.   During your time with the Killeen Police Department, did you have any -- hold any special positions?

A.   I did.  I was an investigator of the Criminal Investigative Division and assigned to the Gang Unit.

Q.   How long did you work with the Gang Unit?

A.   I started working gang crimes in 1994.  The Gang Unit was initiated in 1999, and I was the supervisor over that unit when it dissolved in 2005.

Q.   And do you have any special training and experience in working with gangs and identifying gang members and activities?

A.   I do.

Q.   Tell us about that.

A.   I've probably got about 700 hours of TCLEOSE time, specific gang-related training, and I was also the first vice-president of the Texas Gang Investigators Association of Texas.

Q.   And when was that?

A.   From 1994 to 2008, I believe.

Q.   Okay.  And, based on your training and experience, are you able to look at gang writings, gang signs, and -- or identify individuals as gang members from certain criteria that you have and use?

A.   Yes.

Q.   Okay.  And, in fact, did you do that the entire time you held a position as a Gang Unit officer with the --

A.   That was my primary function.  Yes, sir.

Q.   Did Killeen Police Department during this time create a gang database?

A.   Yes, sir.  We created the gang database in 1999.

Q.   And what was the purpose of that database?

A.    The purpose of the database was to comply with a Department of Justice grant, Edward Byrne Funds Grant, that was provided to the Killeen Police Department to establish the unit.  And records had to be kept in an appropriate manner.

Q.    Okay.  And, during that time period, were you able to view and the people who worked with you able to identify gang members in the city of Killeen based on the criteria that --

A.    Yes, sir.

Q.    And what criteria, normally, did you use to identify --

A.    The criteria was originally established by the Texas Gang Investigators Association Executive Board.  There was not a specified criteria across the State of Texas that was used in decision-making.  So the criteria was established, and there was five criteria that could be met.  As an active gang member, you had to meet three of the five criteria to be active.

Q.    Okay.  And do you know who Tony Sparks is?

A.    I do.

Q.    And how do you know Tony Sparks?

A.    He was identified by one of our investigators previously. He was also identified through a confidential informant that was a 212 PIRU Blood member.  And that information was provided to one of the school district police officers, and that's how his file was initiated.

Q.    All right.  And, as part of that file, did you obtain paperwork from the school district that had been seized from

another student that laid out sort of an organizational hierarchy of the 212 PIRU?

A.   We did.

Q.   I'm going to show you what's been marked for identification and previously introduced into evidence as Government's Exhibit 66.  Do you recognize that?

A.   I do.

Q.   What is it?

A.   That is the documentation that was provided through the school district police department originally identifying the hierarchy of the 212 PIRU Bloods in Killeen.

Q.   And did you in fact, after you received this, using your information that you'd obtained on your database, able to identify all of the individuals named on this?

A.   We were.

Q.   I'm sorry?

A.   We were.

Q.   We were.  Okay.

     What is it?  First of all, it looks like there's a pyramid.  There's some stars.  Can you tell the Court what the significance of these items are?

A.   There is.  There's a pyramid that depicts the five points. The Blood gangs use the number five as a synonymous number for identifying purposes.  A five-point star is a very common identifier.  The pyramid has five points, the four points

leading up to the top cone and the bottom layer.  And then, from the top to the bottom, it identifies the leader and the status of the members as it goes down.

Q.   Okay.  So before I get that, I want to ask you:  Have you testified as an expert before on gangs?

A.   I have.

Q.   Few or many occasions?

A.   Probably ten or more.

Q.   Okay.  And -- and, based on your training and experience, do you believe you're qualified to give opinions regarding gang writings, gang symbols, gang identification?

A.   I do.

         MR. FRAZIER:  Your Honor, we tender the witness as an expert and be allowed to give her opinion for purposes of this hearing.

         THE COURT:  The witness will be allowed to give opinions.

         MR. FRAZIER:  Thank you.

Q.   So, if you will, please, now, how did you take Government's Exhibit 66 and identify the names of the individuals on that?

A.   The original document was the drawing.  And at that time the Gang Unit had a Gang Unit clerk, and we maintained records to include identifying information for also known as, AKAs, street names, et cetera.  A lot of the stuff that was provided

was first names on this document, and we had to correlate the first names to identifier information that we had on our records.

Q.   And did this particular Document 66 come into your possession sometime in 1998?

A.   It did.

Q.   And so Government's Exhibit Number 65, which is --

MR. FRAZIER:  If you'll pull that up, 65.

Q.   Can you tell us what that is?

A.   That would be the document that was provided -- excuse me -- by our Gang Unit clerk, correlating the names to the identifying names that was usually used by the gang members as they committed whatever -- their participation.

Q.   Did you personally investigate the activities of the 212 PIRU?

A.   I did.

Q.   Did you do that for a number of years?

A.   I did.

Q.   And are you satisfied that the identities that are named on this Government's Exhibit 66 and translated here or identified in 65 are accurate?

A.   Yes.

MR. FRAZIER:  Okay.  First of all, going back to Government's Exhibit Number 66, if you would, please.

Q.   At the top of Government's Exhibit Number 66, there is one

name and then, from there, there appears to be others.  What can you tell us about how those names are organized?

A.   Those names are organized by the structure of the gang -- leaders, the originators -- "Phat" being the originator.  "Phat," "Jay," "Tweety," they're all three brothers.

Q.   What are their names?

A.   "Phat" is Prince Presley; "Jay" being James Presley; "Tweety" being Bryant Presley.  And then Joseph Presley was also one of the originators, to include Eric Tinsley directly beneath that.

Q.   Okay.  That's the first three lines?

A.   That is correct.

Q.   All right.  Okay.  I want you look down at line number 5 from the top.  It looks like it started off with --

A.   Clefton Evans.

Q.   Okay.

A.   Yes, sir.

Q.   There's a person named Tony there.  Who is that individual?

A.   Tony Sparks.

Q.   And can you, from looking at this -- this diagram, tell anything that would be of significance to the Court regarding Tony Sparks' placement on Government's Exhibit Number 66 at that location?

A.   On that row those four individuals were the enforcers or

the recruiters or both titles for the organization.

Q.   All right.  Did you at my request look to see if there were other gang individuals -- let me back up.

You're familiar with the incident that took place on June 21st, 1999 in Killeen where Todd and Stacie Bagley were kidnapped and murdered?

A.   I am.

Q.   Did you at that time, at our request, go back to see if any of the identities of any of the other people who were involved in that were on this chart?

A.   Yes, I did.

Q.   Okay.  In particular, if you could, please, using Government's Exhibit Number 66, indicate where Christopher Vialva is located on this particular chart?

A.   He is on Row Number 7, second individual in, two rungs below Mr. Sparks.

Q.   All right.  And did you also likewise locate an individual by the name of Terry Brown on this particular chart?

A.   I did.  He's on Row Number 6, the third individual in, one rung below Tony Sparks.

Q.   And did you locate the individual known as Brandon Bernard on this chart?

A.   I did.  Brandon Bernard, also known as "Dip," is at the very bottom of the chart of pyramid, second name in, about 30 people below Mr. Sparks.

Q.   All right.  And did you indicate an individual by the name of Billy Rorie on this particular chart?

A.   Yes, sir.  Billy Rorie is on the same line as Terrance Brown, the first name.

Q.   And then, finally, Joseph Presley?

A.   Joseph Presley is on Rung Number 3 as one of the originators of the organization, first name.

Q.   Now, what does this tell you regarding the organizational structure of the 212 Piru back in the late '90s?

A.   That tells me that the organization was originally started by a bunch of brothers and friends that got together and decided that they were going to do something different with their world.  And, as the pyramid goes down, it just increases the membership.

Where Mr. Sparks is, on that level, indicates to me that Mr. Sparks put in what they call "work."  He put in a lot of work into the organization and became a very trusted member of the group.

Q.   And what does "work" mean?

A.   It could be a lot of different things.  It could be licks, robberies, assaults, shootings, thefts, burglaries, all of which have been notated on his gang file.

Q.   And the fact that he's located above individuals who may be older than him, does that occupy -- have any significance to you?

A.   No.

Q.   It does not?

A.   No.

Q.   Okay.  Can you tell the Court what types of activities 212 Piru was involved in during the late 1990s in the Killeen area?

A.   When we first started documenting them, they were involved in mostly property type crimes: criminal mischief, burglaries. And that escalated; it escalated quickly.  They've been involved in numerous aggravated assaults, they've been involved in numerous robberies and in numerous homicides in Killeen and Harker Heights.

Q.   In fact, does 212 still exist?

A.   It does.

Q.   Is it as active as it was in the late '90s?

A.   It is not.

Q.   And what is the reason for that?

A.   I don't believe the structure exists that existed at the time that this organization was being dealt with.

Q.   Why is that?

A.   I don't really have a way of saying why that is.  It's very loose knit.  There aren't as many Bloods in the Killeen area as there were at one point in time.  And the Gang Unit dissolved, and so, therefore, the documentation isn't kept as 100 percent -- I guess I would say 100 percent as it should

have been.

Q.   All right.  You've had the opportunity to view some paperwork that was seized out of Mr. Sparks' bedroom back in July of 1999, right?

A.   Correct.

Q.   And do those writings have any significance to you?

A.   They're gang writings, documents, pictures, five-point stars, the words *Piru*, *Damu*, names of other individuals that are in the organization.

Q.   Okay.  What does Piru mean?

A.   It originally is from California.  That's where Pirus originated.  And they -- they originated in that area on Piru Street.  Just like when you're talking about the Crip gang members, a lot of time the Crip gang members have a moniker of Hoover involved with that, and that's intersecting street for their area of concentration.

Q.   And did the 212 Piru have a territory in Killeen?

A.   They have a territory in Killeen, a claimed territory, which is the northeast corner of Killeen, from W S Young East and Business 190 North.

Q.   Does Long Branch Park have any particular significance to them?

A.   Directly in the middle of that part of the city.

Q.   Okay.  What goes on -- are there any type of activities that go on there that are gang-related?

A.   A lot of meetings, a lot of things that they call "church," which is meetings.  They don't typically call it "meetings."  They call it "church."

Q.   All right.  What was Tony Sparks' -- or what is Tony Sparks' nickname?

A.   "Little Gotti."

Q.   And what does that mean in the gang -- *Gotti*, is it used often?

A.   *Gotti* is used often as a term of physical enforcement.  Go back to John Gotti through the Mafia.

Q.   John Gotti, like the --

A.   The Gambino crime family, yes.

Q.   Gambino crime family boss.  Okay.

A.   Yes.

Q.   Okay.  On the streets, the street gangs like in Killeen and other places, when you hear that term *Gotti* being used, what is it meant to convey to others?

A.   That is a person to be feared.

Q.   Okay.

          MR. FRAZIER:  Ninety-three.

Q.   I'm going to show you a series of photos I've marked for identification as Government's Exhibit 93.  They've not been introduced at this time.  I just want you to look at them --

A.   Okay.

Q.   -- and ask you if you could look at them first, if you

will.  Can you see 93 from your screen?

A.   I can.

MR. FRAZIER:  Okay.  Go to the next page, please.
The next page.  The next page.  The next page.  I think that's
the last page.  Thank you.

Q.   What are we looking at on those photographs marked
Government's 93?

A.   On all five of them, sir.

Q.   Yes.  Generally, what are they?

A.   Generally --

Q.   What are they a picture of?

A.   Gang-related tattoos.

Q.   On who?

A.   On Mr. Sparks.

Q.   And what are the significance, in any, of the tattoos that
you just observed?

A.   It gives identifier information.  It lets people know
exactly who they are affiliated with.

MR. FRAZIER:  Okay.  Go back to the first picture, if
you would, please.

Q.   What do you -- what in there is affiliation for
Mr. Sparks?

A.   On that particular picture, you have the red flag draped
over his shoulders.  "Thug life" is not necessarily strictly
gang-related.  It can be rap music-related also, but it's very

HUNT - DIRECT

typical on gang-related tattoos.

Q.   All right.  The second photograph?

A.   On the second photograph there's a couple of different identifiers that are there.  You have the "Central Texas TC" in the middle of that tattoo.  On that tattoo it also has the Roman numeral 2 and the Roman numeral for the "V," which would indicate 12.  And then on the right side of that it shows "212," which is the gang identifier for the organization he belongs to.

Then you also have a pit bull face, which is a half human -- appears to be half human-half pit bull face, which is also very common among the 212 Piru Bloods, with the pit bull being an identifier and "PB," which is Piru Bloods.

Q.   And the third photograph?

A.   In the third photograph, you have the identifiers of the ball cap with the "P" for Piru.  You have, of course, the -- the veiled face with the handgun being pointed.  Other than that, there's really not much identifiers on that particular tattoo.

Q.   Okay.  And what does this appear to be holding that's around the hand?

A.   A handgun.

MR. FRAZIER:  Okay.  Next photograph, please.

A.   On the next photograph, there's also several identifiers on that photograph.  Starting from the big center portion, you

have the words -- world's Little Gotti, which starts all the way down to the bottom part of the I, which would be Mr. Sparks' nickname.  You also have the five-point star just at the top of that.

Q.    Right there?

A.    Correct.

Q.    I circled it with white.

A.    Correct.  You also have the words, "Rest in peace, Fat," which is going to be Prince Presley.  He was killed in a gang-related activity.  He was the original leader.

Q.    And that took place several years ago?

A.    Yes.

        MR. FRAZIER:  Okay.  And the next photograph, please.

A.    In the next photograph, that is just basically a gang lifestyle.  Everything about that tattoo is gang-related.  We'll start at the top.  We've got the remaining drape of the red bandanna.  We also have the five-point star made with his hands.  We have the red vehicle that's involved in a drive-by type shooting.

        If you go all the way to the left, you have the red bandanna-draped face with the Boston ball cap, all in red in color.  You also have a handgun sticking out from underneath the arm of that individual.  To the very right of that, you have "212 Piru" at the top.  Underneath that you have "Damu," which is a typical name for association of Blood gang members.

And then at the very bottom portion, you have the state of Texas with the five-point star underneath the words 'Blood' written out in his fingers.  All of that -- every part of that tattoo, every part of that entire -- well, I can't think of what it's called, exactly.  But everything involved in that has gang ties -- Blood gang ties.

Q.   That was going to be my next question.  These tattoos that you just identified are all tied to the Blood gang?

A.   All of them.  Yes, sir.

MR. FRAZIER:  I'll pass the witness, Judge.

**CROSS-EXAMINATION**

**BY MR. SERGI:**

Q.   Now, if you would look at Government's Exhibit Number 66 and you would go down to the fifth line, you see the word "Tony," correct?  That's the original hand-drawn org. chart, correct?

A.   Correct.

Q.   And it does not say "Tony Sparks," does it?

A.   Not on the original pyramid, no.

Q.   Okay.  Now there's another Tony, correct?  Antonio Tony Jackson?

A.   Antonio Jackson.

Q.   Yes.

A.   That would be Gotti, yes.

Q.   So would you agree with me that, on the original chart,

Tony shows up -- there's a "Tony" that shows up on line 5, correct?

A.    Correct.

Q.    And you already said that my client's nickname was "Little Gotti," and there's a "Little Gotti" that shows up on the bottom line, correct?

A.    A Little Gotti, Antonio Jackson.  Yes, sir.

Q.    But there's no way to really determine -- my client's called "Gotti," you have a "Gotti" here, and he's on the bottom line, correct?

A.    I'm sorry.  What?

Q.    If you look at the original Gotti --

A.    Yes.

Q.    -- which would be also Tony, is on the bottom line, correct?

A.    Gotti is at the bottom line, Antonio Jackson.  He does not go by "Tony."

Q.    It does not say "Antonio Jackson" here.  It simply says "Gotti."

A.    On the original document.  Yes, sir.

Q.    Okay.  And why was the Gang Unit disbanded?

A.    Funding.  Government funding.

Q.    There was some problems with that Gang Unit, weren't there, ma'am?

A.    No, sir.

Q.   So you're telling me it was only because of funding?

A.   That is correct.

MR. SERGI:   Okay.  No further questions.

MR. FRAZIER:   If you'll go back to 66.

**REDIRECT EXAMINATION**

**BY MR. FRAZIER:**

Q.   Okay.  At the bottom, the very last line of Government's Exhibit 66, directing your attention to this word "Gotti" I'm drawing a circle around here, do you see that?

A.   I do.

Q.   Is Gotti and Little Gotti, are they different people?

A.   They are.

Q.   And who is Gotti?

A.   Gotti is Antonio Jackson.

Q.   Okay.  Completely different individual?

A.   That is correct.

Q.   Tony, on the other hand, who goes by the nickname "Little Gotti," that's on line 5?

A.   That is correct.

Q.   Okay.

MR. FRAZIER:   Pass the witness.

MR. SERGI:   Nothing further, Your Honor.

THE COURT:   You may step down.

THE WITNESS:   (Complies).

MR. FRAZIER:   And our next witness would be

ARLINDA L. RODRIGUEZ, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)

19-70021.2331

# 9

Statement of Former Bureau of Prisons Warden Mark A. Bezy (Aug. 20, 2016)



**MARK A. BEZY & ASSOCIATES, LLC**
CORRECTIONAL CONSULTING

3587 East Sienna Rd.  San Tan Valley, AZ 85143
Phone. 480.588.5835 • Cell. 330.559.6079 • markabezy@gmail.com

My name is Mark A. Bezy, and I have over 36 years working as a correctional professional which involved managing and assessing male and female prisoners. My curriculum vitae is attached; for ease of reference, I note the following particularly relevant facts: At the time of my retirement from the Federal Bureau of Prisons (BOP), I maintained a Top Secret Security Clearance and of the date of this report, I still hold a Top Secret Security Clearance. From 2004 to 2006, I was Warden of the BOP Federal Correctional Complex in Terre Haute, Indiana, which housed 37 death-sentenced adult male inmates, as well as 1,500 High Security adult male inmates, 1200 Medium Security adult male inmates, and 450 Minimum Security adult male inmates. From 2002 to 2004, I was Warden of the BOP Federal Correctional Institution in Elkton, Ohio, which housed 2,400 Low Security adult male inmates. From 2006 to 2008, I was Warden of the Central Arizona Correctional Facility in Florence, Arizona, which housed 1000 Medium Custody adult male sex offenders. From 1999 to 2002, I was Associate Warden of the BOP United States Penitentiary in Leavenworth, Kansas, which housed 1,500 High Security adult male inmates. Prior to serving in those capacities, I was Captain of BOP facilities in Marion, Illinois; Lexington, Kentucky; and Ray Brook, New York. I have also served in other positions at BOP facilities in Belmont, California; Phoenix, Arizona; Duluth, Minnesota; Kansas City, Kansas; and Oxford, Wisconsin. Currently, I am the Owner and President of Mark A. Bezy and Associates, LLC, a correctional consulting company. In that role, I advise prisons in the management of inmate populations, including by providing risk assessment.

Through this work I have become an expert in conducting risk assessments of prison populations, including populations significantly comprised of inmates convicted of violent offenses and inmates who are members of Disruptive Groups and Security Threat Groups.  Managing the behavior of offenders at higher security levels presents substantial challenges, because 71 percent of offenders in high-security custody have been sanctioned for violating prison rules, and more than 90 percent of such offenders have a history of violence.  Moreover, one out of every four offenders in high-security custody is gang-affiliated.

Based on this professional experience and my analysis of the prison records of inmate Brandon Bernard, it is my assessment that Bernard has followed the program goals/requests of his Unit Team and has maintained clear conduct (*i.e.*, has not been sanctioned for a violation of prison rules) since 2000 while confined in the Special Confinement Unit (Federal Death Row).  Based on that evidence, it is my opinion that if Bernard were sentenced to imprisonment for life without parole, he could function well in a less-restrictive environment without posing a risk to institutional security and good order, or posing a risk to the safety and security of staff, inmates or the general public.

A brief summary of Bernard's prison records follows:

In July of 1998, Bernard was arrested in the Western District of Texas for Theft by Receiving Stolen Property. Those charges were later dismissed, superseded by charges for Conspiracy to Commit Murder, Carjacking, First Degree Murder on a Government Reservation, and Aiding and Abetting. Bernard was convicted on those charges, three of which carried a potential death sentence.  On June 16, 2000, a jury sentenced Bernard to death on one count of First Degree Murder and to life imprisonment without the possibility of release on each of the other death-eligible counts.

In the instant offense, Bernard was a party to a carjacking plan that involved abducting two victims in their car. Another participant in the crimes ultimately shot both victims to death in their car trunk, and their car was set on fire.

After his arrest, Bernard was housed in the McLennan County Jail Facility from June 23, 1999 to June 13, 2000. During that time, he received two (2) Disciplinary Reports.  On 10-15-99, he was charged with Tampering with any Plumbing, Water, Electric or TV Fixture.  His punishment was 5 days' Segregation with Loss of All Privileges.  On 12-24-99,

1

**EXHIBIT 4**
19-70021.2399

he was charged with Cursing at a Staff Member.  His punishment was 3 days' Disciplinary Segregation and Loss of all Privileges.  There were no other problems reported with Bernard at the McLennan County Jail Facility.

Bernard's record within the Bureau of Prisons likewise reflects that he is a program-compliant inmate. He has been assigned to the position of Orderly on the Special Confinement Unit on multiple occasions. Orderly is the only job position available to an inmate in the Special Confinement Unit, and there are fewer Orderly positions than there are inmates who seek to serve in them. For that reason, inmates rotate in and out of the positions over time.  Orderlies work in different locations around the unit and with unit staff, under staff supervision and wearing no restraints. Because Orderlies have access to mops, brooms, and other implements that can be turned into weapons or are inherently dangerous, that assignment necessarily entails the BOP's assessment that inmate Bernard presents no security risk and poses no danger to staff or other inmates.

The record also reflects that Bernard has had, and continues to have, a solid support base with his family and friends. Again, it should be noted that Bernard has not received a single Incident Report for violating any prohibited act in the Inmate Disciplinary Program for over 16 years on the Special Confinement Unit (Death Row).  This is remarkable. I am unaware of any other inmate who has been on the federal Death Row for at least 16 years without receiving a single incident report.

During Bernard's sentencing hearing, the government raised the issue of his gang involvement, suggesting that an inmate identified with the Bloods gang in the outside world would necessarily affiliate with the Bloods gang in prison, and cause problems in prison because of that affiliation.  The trial record suggests that whatever "gang" Bernard may have been involved with prior to his admission to the Bureau of Prisons was not terribly well organized.  Moreover, in my opinion the trial testimony that suggested that Bernard would necessarily associate with any such gang in prison was exaggerated and inaccurate.  The truth of the matter is that the Bloods lack a common leadership or council which would direct or influence all Blood sets; because of this lack of centralized leadership, an individual who may have associated himself with some Blood set in the neighborhood where he grew up will not necessarily associate himself with a similar set in prison.  And it should be noted that the Bureau of Prisons classifies the Bloods as a "Security Threat Group," which reflects a lower level of violence than that exhibited by groups that the BOP deems "Disruptive."  This fact seems to have been left out of the future dangerousness testimony presented in Bernard's trial, which suggested incorrectly that the Bloods were among the most dangerous entities that the BOP confronts.   In any event, nothing in Bernard's records suggests that he has affiliated with any gang inside the BOP.  Indeed, his record of zero disciplinary infractions in 16 years is strong evidence of no gang involvement, since gang activity in prison frequently leads directly to disciplinary infractions (indeed, simply displaying gang paraphernalia, clothing, signs, etc., is itself a disciplinary infraction).

For the above reasons, I anticipate that should Bernard's death sentence be commuted, he could and would function exceptionally well in a less-restrictive environment without posing any risk to institutional security and good order, or posing any risk to the safety and security of staff, inmates or others.

Mark A. Bezy

Date   8/20/2016

2

19-70021.2400

# 10

Declaration of David Boyd (July 10, 2016)

Declaration of David Boyd

I, David Boyd, make the following declaration:

1.  My name is David Boyd. I am an insurance professional for GEICO Insurance and I live in Killeen, TX. I am friend of Brandon Bernard. I am about five years younger than Brandon. I have a twin brother named Michael.

2.  Brandon and I attended the Killeen Adventist Junior Academy in Killeen, TX together. We also went to church together. I remember looking up to Brandon when I was younger. Brandon was the older kid who would play with us younger kids during recess. Most of the older kids would not play with us younger kids, but Brandon would. I remember tossing the football around with Brandon.

3.  I knew Brandon as kind and gentle with a calm demeanor. He joked and laughed, but was always respectful, especially to my family. I was unaware of Brandon being in any trouble and never saw any negative influences on Brandon. I think Brandon has a good heart and was raised in the church, but was led astray.

4.  I found out that Brandon was in trouble on the news. I was in disbelief and thought the news had to be talking about someone else at first. The crime did not fit Brandon's personality.

5.  I went to some of Brandon's trial with my family. Brandon had an empty look on his face that conveyed: "This is not happening." It struck me as a sign of his remorse. Brandon did not seem angry or mad. He looked more like he had made a mistake and felt saddened. It was unlike I had ever seen Brandon.

6.  In 2003, Michael and I started up the Enlightenment Tour which was directed at helping "at risk" youth stay out of trouble. It was a nonprofit national youth missionary project dedicated to youth outreach in America, an effort that was important to Michael and me. Brandon wrote a

1

EXHIBIT 5

19-70021.2401



letter to us after reading an article about the tour.  (See Exhibit A, Insight Magazine article). My brother and I did not reach out to Brandon.  Brandon reached out to us.  He wanted to help prevent kids from making the same mistakes he had made.  He wanted to share his testimony, or story, with the youth.  He wanted the kids to understand where bad choices would lead them.

7. Brandon provided powerful testimony to kids that we were trying to help.  He explained how quickly he fell, how much he regretted it, and how others should learn from his mistakes.   It was the most powerful testimony that we received.  Here is a sample:

> At 18 years old most kids are preparing to embark on life.  At 18, I was getting processed by the FBI, but [at] 19 I was sitting on death row. …
>
> A person reading this might think to themselves … this would never happen to me.  Don't be a fool!  This whole place is filled with people who thought it couldn't happen to them; now they wish they would of [sic] listened.  Most of the time it starts from doing small things.  It just continues to escalate at such a rapid pace, that before you know it, it's over and your [sic] left either dead, in prison, or in here (which actually is combination of both.)  How do I know, because I thought the same way. …
>
> I didn't have a violent record or an adult [record] (matter of fact[,] I barely had a record at all.) I went to church every week.  I attended numerous church functions.  I even went to church school, but sin does not discriminate about whose life it will destroy.  Maybe you'll understand this better if I put it this way.  It took me only 3 years to ruin my life.  3 yrs from the time I first stole from my moms [sic] purse to being in death row.  Now marinate on that! …
>
> It may be too late for me (only God knows the answer to that), but it is not too late to help others.  It's not too late to let youths know that this [criminal] lifestyle is not glamorous. There are no rewards.  There is only pain. …
>
> Stop breaking those who care about your hearts! Make the decision to do what is right, walk the path of righteousness. …
>
> Listen to my words and learn from my life's mistakes so you don't have to experience it yourself.

8.  Michael and I spent the month of June 2008 talking to "at risk" youth, telling them Brandon's story, and providing his testimony to them.  Brandon's story had a huge impact on the kids who

19-70021.2402



heard it.  Brandon helped keep a lot of young kids stay on the right path who had been on the verge of walking the wrong path.

9.  I worked as a correctional officer in Texas, so I am familiar with the criminal justice system.  I remember there being offenders who were proud of being incarcerated.  It was a lifestyle for some of them.  Brandon has never had that attitude.  Brandon has opened his heart to God.  He keeps a positive attitude by continuing to better himself spiritually and mentally.

10. Michael and I visited Brandon on death row in 2008.  Brandon was calm, but happy that we cared enough to come see him. We talked about how Brandon is trying to turn his life around and stay positive in a place where it is always easy to feel sorry for yourself rather than think about how your own actions put you there.  Brandon said he was doing his best to stay positive.  Helping us with the Enlightenment Tour was a way Brandon stayed positive.  To Brandon, it was doing something right.  Brandon wishes he had made better decisions when he was eighteen and blames only himself for what happened.  There was no sense of falseness from Brandon.  He was not pandering to us.  He was being honest.  He was remorseful.  Michael and I told Brandon to keep his faith and Brandon said he would.

11. If I could say anything to the victims' families, I would tell them I am deeply sorry for their loss.  I would tell them that Brandon has a good heart and Brandon knows he made terrible, life-altering decisions.  I would tell them I think Brandon was following his friends and I believe he would not have gone with them if he had fully grasped the potential consequences that could follow.   I would tell them that Brandon apologizes to all the people and families he hurt that day.

12. I would also ask President Obama to spare Brandon's life and commute his death sentence to life imprisonment without the possibility of parole.  It is clear to me that Brandon recognizes that he has made seriously bad decisions and an awful tragedy resulted from his decisions.  He

3

19-70021.2403



has reached out and helped other kids stay out of trouble by sharing his story. These are the

actions of a remorseful person who deserves mercy.

I have read the foregoing declaration.  Under the laws of the United States and the State of Texas, I

declare under penalty of perjury that this declaration is true and correct.


Executed at Killeen, TX on  _07-10-2016____.

David Boyd

4

19-70021.2404

# Exhibit A

19-70021.2405

Case 6:99-cr-00070-ADA    Document 661-5    Filed 02/04/19    Page 6 of 9

SEARCH



HOME
DISCUSSION FORUM
BLOGS
ARTICLES
ADVICE
COLLEGE GUIDE
JUST JESUS
VIDEOS
MUSIC/AUDIO
PRAYER
CAREERS
ULTIMATE WORKOUT
SURVEY ARCHIVE
EVENTS
THE FLOW

CORNERSTONE CONNECTIONS





Join our social network, theFlow.

ABOUT US
CONTACT US
ADVERTISING
SUBSCRIBE
STORE



# Cover Story

## The Enlightenment Tour

Add Comment :: Send to a Friend :: View Comments ::        ShareThis



*Several months ago we received an empty envelope in the Insight office. The return address? The Enlightenment Tour, Killeen, Texas. To find out what The Enlightenment Tour was all about, Michelle phoned the nearest conference office in Texas, but no one had heard of it at that point. Word's gotten out since then!*

*Months after receiving the empty envelope, last April at the United Youth Congress in Atlanta, Georgia, David Boyd stopped by the Insight booth and introduced himself as being a part of The Enlightenment Tour. He satisfied our curiosity-and amazed us with the news about this tour!*

*God impressed twin brothers David and Michael Boyd-they're cool guys in their early 20s-with some serious plans to witness to people, especially young people. What they plan to do is take the gospel on tour in the summer of 2008!*

*The two reasons we want to share information about The Enlightenment Tour with you are that maybe you'll want to be a part of it-do the summer road trip thing with them for God. Or if you can't be a part of it, maybe you can help it happen by raising some money for it.*

*Following is an interview that David did with Pat Humphrey, a friend of Insight who's written several other articles and stories for Insight. She lives in Texas, too, and took the opportunity to chat with David about all kinds of things having to do with The Enlightenment Tour.-The editors.*

Pat: Tell me a little about you and your brother and then about your background-your family, education, and church experience . . . and what your parents think about The Enlightenment Tour.

David: We are twin brothers who were born on New Year's Day, and we're members of the New Hope Seventh-day Adventist Church in Killeen, Texas.

We serve our church as deacons, elders in training, members of the Pathfinder club, audio/video technicians, members of the Voices of Praise Choir, Vacation Bible School teachers, and community service staff.

We also served as members of the Southwest Region Conference Drum Corps for the Faith on Fire Camporee held in Oshkosh, Wisconsin.

We attended Killeen Adventist Junior Academy and graduated from C. E. Ellison High School. Then we continued our education at Central Texas College.

Most Commented Video

Hot topic of the week

Hello everyone! What are some of your favorite things to do on Sabbath? I like to watch nature shows, listen to music, and read! :)

What do YOU think?

Click here join in the discussion.

Most Commented Articles

Finding a Friend in Yourself (4)
02.20.16

To Dream an Impossible Dream (2)
03.12.16

The Talk (2)
01.23.16

The Rule of Thirds (2)
07.18.15

Simple Steps for Overcoming Any Sin (1)
04.30.16

19-70021.2406

5/25/2016 1:13 PM



We have two sisters, Myiesha and Angela.

Our parents feel honored that God has called us into the ministry, and they feel blessed that we responded by dedicating our lives to Him.

Pat: How did you come up with the idea of The Enlightenment Tour?

David: Ever since we were young we've attended various youth events-youth congresses, youth federations, youth summits, camporees, etc. These youth events have left an impression on our hearts to share what we've experienced with youth outside the church.

On Friday night, December 19, 2003, while my mother and sister were at choir rehearsal, Michael and I began talking about the numerous youth programs we've attended. As we were talking, we began discussing a tour to reach the troubled youth of America. Within minutes the Lord impressed upon our hearts what should be done. It was amazing, because everything was so clear. We knew it had to be inspired by the Lord, because He wouldn't let us forget about it. After many days of prayer and consideration, we formulated The Enlightenment Tour ministry.

Pat: How big is this project?

David: The Enlightenment Tour is a nonprofit national youth missionary project dedicated to youth outreach in America. Our audience will be a worldwide audience, though, because we're reaching out to everyone-Adventist youth, Christian youth, Adventists who've backslidden, atheists, the rich, the poor, adults, children, senior citizens, patients, prisoners, celebrities, homeless people, business owners, etc. God is no respecter of persons.

Pat: Why are you doing this?

David: Our purpose is to show America's youth that there is hope in Jesus Christ. We realize that we are living in the last days and that the Lord is bringing His sheep into one fold.

As youth, we can really relate to what our troubled youth are going through. Many have become addicts to the sins of drinking, fornication, stealing, murder, pride, drugs, and so on. There are millions of youth in America who are trapped by their sins and feel nothing can be done to change their lives.

We believe that love and the gospel of Jesus Christ will change their lives. We'd like to see the youth stop compromising to what the world says is OK and begin living lives like Christ's and be a witness to others for Him.

Pat: What are your plans for The Enlightenment Tour so far?

David: We will be taking an army of 6,000 Christian youth, 14 to 24 years old, on 120 charter buses to do missionary work in 20 metropolitan cities.

The 6,000 youth will spend two days in each city. During those two days the 6,000 youth will spread throughout the city and do literature evangelism, community service, counseling, workshops, concerts, health screenings, parades, drama, drill and drum corps, exhibitions, youth rallies, youth preach-outs, hospital visitations, nursing home visits, youth talk shows, seminars, food and clothing drives, art ministry, children's ministry, prison/detention center ministry, and prayer ministry.

The youth will conduct ministry both days. On the second day we'll have a massive evening worship service at a stadium or coliseum that we'll be inviting the entire community to attend. And we believe that tens of thousands will respond.

Then we'll give the names of those who decide to give their lives to Christ to the local Seventh-day Adventist churches. Based on Acts 2:47-"And the Lord added to the church daily such as should be saved"*-we believe that the Seventh-day Adventist churches in the cities will grow by the thousands within a day!

Pat: When are you going and where are you going?

David: The Enlightenment Tour will take place June 3 to July 23, 2008. Our 6,000 youth will tour together from one city to the next: Killeen, Texas; Houston, Texas; New Orleans, Louisiana; Atlanta, Georgia; Miami, Florida; Charlotte, North Carolina; Nashville, Tennessee; Washington, D.C.; Baltimore, Maryland; Philadelphia, Penn-sylvania; New York City, New York; Cleve-land, Ohio; Detroit, Michigan; Chicago, Illinois; Indianapolis, Indiana; St. Louis, Missouri; Kansas City, Missouri; Denver, Colorado; Salt Lake City, Utah; and Los Angeles, California.

Pat: What kind of reaction have you gotten from other young people?

David: Their reaction has been astounding! We've been amazed by how the Lord is arousing the hearts of young people to get involved with this ministry to help other youth in need.

We've been approached by many youth who've said that they'd like to be a part of The Enlightenment Tour ministry and go on the tour. At the General Conference session in St.

19-70021.2407

Case 6:99-cr-00070-ADA   Document 661-5   Filed 02/04/19   Page 8 of 9

Louis, Missouri, we were even approached by international youth who were interested in the tour.

The concern and willingness of the youth is truly an inspiration to us. It's good to know that there are other youth who also have a desire to see lives changed.

Pat: Who else is involved in planning The Enlightenment Tour?

David: We have a board of directors, an administrative staff, an advisory board, and numerous committees. We also realize that with a ministry of this magnitude, the number of people involved will grow as time progresses.

Pat: Are you working with any church organizations or church leaders to carry this program?

David: Yes, besides working with numerous churches and pastors, we're also working with Project: Steps to Christ, Inc.

The Enlightenment Tour has also been introduced to Southwest Region Conference (SWRC) president Billy E. Wright; SWRC Pathfinder director Rogers Johnson; SWRC Youth director Keith Gray; North American Division (NAD) president Don Schneider; NAD Youth director James L. Black, Sr.; General Conference president Jan Paulsen; General Conference assistant youth director Van Hurst; Oakwood College Student Activities director Marjorie Robinson; Walter Pearson;

E. E. Cleveland; Wintley Phipps; Doug Batchelor; Danny Shelton; and Metroplex Adventist Hospital.

Some of the speakers for the evening worship services are going to be U.S. Senate chaplain Barry C. Black, Texas Conference evangelist Lynwood Spangler, and Dupont Seventh-day Adventist Church senior pastor Emil Peeler.

Pat: How are you funding The Enlightenment Tour?

David: By contributions from the public, private donors, grants, sponsorships, and corporate endorse-ments. The Enlightenment Tour is registered with the IRS as a 501(C)(3) charitable (nonprofit) organization.

Pat: What impact do you think The Enlightenment Tour will have on young people in the church?

David: It's going to give the youth of the Adventist Church an opportunity to participate in missionary work in our own country. It's also going to allow Adventist youth from around America to come together as an army to reach the troubled youth of America.

Pat: What impact do you hope The Enlightenment Tour will have on people young and old who aren't in the church?

David: Impacting the young and old of the community is the primary purpose of The Enlightenment Tour. Our job is to share the light we've been given.

As we focus on the spiritual growth of Adventist youth, we see an even greater need to reach those youth who have little or no light at all.

Pat: If someone wanted to get involved with The Enlight-enment Tour, what could they do?

David: There are many ways that people can get involved with this project, whether it be through financial contributions, donation of their time or professional experience, preparing sack lunches, prayer, fasting, assisting in fund-raising, helping to provide security, packing and unloading trucks, sharing resources and ideas, encouragement, helping to feed the youth, or opening their church or facility to the youth-we welcome their involvement.

If anyone feels that they could get involved in other ways, we welcome them to contact us with their suggestions. If they are a youth or a potential chaperone and would like to go on The Enlightenment Tour, they should go directly to our Web site.

Pat: What's your Web address, and in what other ways can people get in touch with you?

David: Our Web site address is www.theenlightenment

tourinc.com. They can also contact us by phone at 254-634-6716. Our mailing address is: The Enlightenment Tour, Inc., P.O. Box 690068, Killeen, Texas 76549. And our e-mail addresses are dboydtheenlightenmenttour

inc.com and mboydtheenlightenmenttourinc.com.

Pat: What blessings have you already seen take place?

David: One of our initial blessings was when a physician offered us his lakefront $1.5 million estate as temporary office space. Another was when The Enlightenment Tour Ministry was featured on Teen Pathways on 3ABN and in the Southwestern Union Record magazine.

19-70021.2408

Case 6:99-cr-00070-ADA   Document 661-5   Filed 02/04/19   Page 9 of 9

Of all the blessings, one of the most moving was when Brandon Bernard, a Seventh-day Adventist and the youngest person to be put on federal death row, read our article in the Southwestern Union Record and responded to us with: "As soon as I read your article, I knew what God wanted me to do." Brandon wrote his testimony and asked us to share it with others in danger so that they won't walk the same path.

Pat: In what other ways is the Lord moving in this program?

David: It was evident that the Lord was moving when the mayor of our city opened up different avenues for The Enlightenment Tour to receive local support from the community-through TV, radio, newspapers, and beyond. She even offered to put information about The Enlightenment Tour on the city residents' water invoices. The Lord is doing numerous things to accomplish this work!

Pat: How has this project impacted your Christian experience so far?

David: It has exercised our faith and endurance. Ever since we were called into this ministry, the Lord has brought us into a deeper relationship with Him. It's also caused us to stop and take a look at the condition of the world and realize that we were specifically created to reach the youth of America before Christ returns to help fulfill His Word: "And this gospel of the kingdom shall be preached in all the world for a witness unto all nations; and then shall the end come" (Matthew 24:14).*

*Bible texts taken from the The Holy Bible, King James Version.

Adapted from Cornerstone Youth Resource magazine, third quarter 2006, published by the Review and Herald (r) Publishing Association located in Hagerstown, Maryland.

*Pat Humphrey is a freelance writer and editor of Cornerstone Youth Resource magazine, a counselor, and mother of two adult children. She and her husband Art, live in Keene, Texas.*

Add Comment :: Send to a Friend :: view comments ::      ShareThis

## Comments

Sorry there are no comments for this article.

Top | Home

19-70021.2409
5/25/2016 1:13 PM

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2019, I electronically filed the foregoing Record Excerpts with the Clerk of the Court using the CM/ECF system which will send notification of filing to the parties associated with the case.

*s/ John R. Carpenter*
John R. Carpenter, Washington Bar No.: 23301
Asst. Federal Public Defender
Western District of Washington
1331 Broadway, Suite 400
Tacoma, WA 98402
Phone: (253) 593-6710 / Fax: (253) 593-6714
Email: john_carpenter@fd.org