# No. 19-70021

**In the United States Court of Appeals
for the Fifth Circuit**

---

**United States of America,**

*Plaintiff-Appellee,*

v.

**Brandon Bernard,**

*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the Western District of Texas

---

**Appellee's Unopposed Motion for 30-Day
Extension of Briefing Time**

The United States respectfully moves this Court for an extension of 30 days, until February 21, 2020, to file its answering brief. The United States' responsive brief is currently due on January 22, 2020.

**Background.** In 1999, the movant, Brandon Bernard, and others planned a carjacking and robbery in Killeen, Texas. *See United States v. Bernard*, 299 F.3d 467, 471 (5th Cir. 2002) (summarizing offense on direct appeal). Their plan resulted in the murders of Todd and Stacie Bagley on a U.S. Army post in Killeen. *See id.* at 471–73.

Following a jury trial in the Western District of Texas, Bernard was convicted of carjacking, 18 U.S.C. §§ 2119, 2; conspiracy to commit murder, 18 U.S.C. §§ 1117, 1111; and for the murders of Todd and Stacie Bagley, 18 U.S.C. §§ 1111, 2. (ROA.18-70008.380–82.) Bernard was sentenced to death for Stacie Bagley's murder. (ROA.18-70008.363–74, 381.) This Court affirmed, *see Bernard*, 299 F.3d at 489, and the Supreme Court denied Bernard's petition for a writ of certiorari, *Bernard v. United States*, 539 U.S. 928 (2003).

Bernard then filed his first motion for postconviction relief under 28 U.S.C. § 2255. (ROA.18-70008.466–1170.) The district court denied the motion and denied a certificate of appealability (COA). (ROA.18-70008.1748–1811, 2041–45.) This Court denied Bernard's motion for COA. *United States v. Bernard*, 762 F.3d 467 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 892 (2016).

Bernard then moved for relief from judgment under Federal Rule of Civil Procedure 60(b), seeking to reopen his initial habeas proceedings. (ROA.70008.2176–2252.) The district court construed this motion as a successive § 2255 motion and dismissed it for lack of jurisdiction. (ROA.70008.2253–59) This Court denied his motion for COA. *United*

*States v. Vialva*, 904 F.3d 356, 358 (5th Cir.), *petition for cert. filed*, No. 18-6992 (Dec. 7, 2018).

Thereafter, Bernard filed a third motion for postconviction relief, seeking to set aside his death sentence because the government allegedly failed to disclose favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and presented false testimony at trial, in violation of *Napue v. Illinois*, 360 U.S. 264, 269 (1959). The district court construed this motion as a successive § 2255 motion and initially dismissed it for lack of jurisdiction. The court later amended its order and transferred Bernard's successive motion to this Court under 18 U.S.C. § 1631.

In a related appeal (No. 19-50837), Bernard asked this Court to authorize his successive motion, to which the government has already responded. In this appeal, he challenges the district court's conclusion that it lacked jurisdiction.

The undersigned counsel now requires additional time in which to prepare the government's answering brief. The undersigned has diligently been working on the government's answering brief in *United States v. Portillo and Pike*, 18-50793, which is under extension and due on February 4. This is a complex, multi-issue appeal with a voluminous

record, including 34,000 pages of pleadings, transcripts, and exhibits, and stems from a three-month trial where Portillo and Pike were found guilty of various racketeering offenses and sentenced to life imprisonment. Both defendants appealed their convictions, raising a combined 18 pretrial, trial, and sentencing issues. The undersigned's work on this appeal has taken her away from the Bernard response. As a result, the undersigned requests an extension of 30 days in which she may complete the government's response in this appeal. This extension is not sought for the purposes of delay, but rather to provide this Court with a thorough, well-researched response that will assist the Court in making its decision in this case.

### Certificate of Conference

Appellant's counsel, Robert C. Owen, was contacted and has conveyed his non-opposition to this extension request.

Accordingly, the United States respectfully requests that the Court grant it a 30-day extension, until February 21, 2020, in which to file its response in this case.

Respectfully submitted,

John F. Bash
United States Attorney

By: */s/ Elizabeth Berenguer*
Elizabeth Berenguer
Assistant United States Attorney

## Certificate of Service

I certify that on January 16, 2020, I filed this document with the Fifth Circuit Court of Appeals using the CM/ECF filing system, which will cause a copy of the document to be electronically delivered to Robert C. Owen and John R. Carpenter, counsel for Appellant.

*/s/ Elizabeth Berenguer*
Elizabeth Berenguer
Assistant United States Attorney

## Certificate of Compliance

I certify:

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 642 words and is less than 20 pages in length.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook.

*/s/ Elizabeth Berenguer*
Elizabeth Berenguer
Assistant United States Attorney