# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-70021

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRANDON BERNARD,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 6:99-CR-70-2; 6:04-CV-164

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Federal prisoner Brandon Bernard appeals the district court's order construing his motion for relief from judgment as an unauthorized successive habeas petition and transferring it to this court pursuant to 28 U.S.C. § 1631. We affirm.

The underlying facts have been spelled out in several prior opinions and do not bear repeating in full. Suffice it to say that twenty years ago, Bernard was convicted of capital murder and sentenced to death under federal law after

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-70021

a woman died on Army property when Bernard set fire to a car while she was locked in its trunk. *See United States v. Bernard*, 299 F.3d 467, 471–73 (5th Cir. 2002). After his conviction and sentence were affirmed on direct appeal, Bernard filed his first 28 U.S.C. § 2255 habeas petition. The district court denied the petition and we denied a certificate of appealability. *See United States v. Bernard*, 762 F.3d 467 (5th Cir. 2014). Bernard then moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court construed the motion as an unauthorized successive habeas petition and dismissed it. We again denied a COA. *See United States v. Vialva*, 904 F.3d 356 (5th Cir. 2018).

Bernard has filed another motion for relief from judgment pursuant to Section 2255, and alternatively, Rule 60(b), asserting for the first time claims that the government (1) failed to disclose favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963); and (2) presented false testimony at trial in violation of *Napue v. Illinois*, 360 U.S. 264, 79 S. Ct. 1173 (1959). The district court again construed the motion as a successive petition but transferred it to this court pursuant to Section 1631.[1] Bernard now appeals the district court's transfer order, arguing his motion is not successive.[2]

We determine *de novo* whether a motion for relief from judgment should be construed as an unauthorized successive habeas petition. *United States v.*

---

[1] The court originally dismissed the motion for lack of jurisdiction but later amended its judgment and transferred the motion to this court. Bernard separately moves for authorization to file a successive habeas petition. We do not address that motion at this time.

[2] Because a Section 1631 transfer order to cure jurisdiction is not a "final order" under 28 U.S.C. § 2253(c)(1)(B), Bernard need not obtain a certificate of appealability. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015).

No. 19-70021

*Orozco-Ramirez*, 211 F.3d 862, 865 (5th Cir. 2000); *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014).

Bernard first contends the district court erred in construing his Section 2255 motion as a successive petition because the facts underlying his *Brady* and *Napue* claims could not have been discovered at the time Bernard filed his initial petition. While it is true that a habeas petition is not "successive simply because it follows an earlier federal petition," *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), we have made clear that "claims based on a *factual* predicate not previously discoverable are successive." *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009). In other words, if a prisoner's later-in-time petition raises a new claim based on evidence that the prisoner alleges was undiscoverable at the time of his earlier petition, the petition is successive. Bernard's motion does just that and is therefore successive.

Still, Bernard argues *Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842 (2007) requires a different result. But *Panetti* only reinforces our holding. There, the Supreme Court held that a capital prisoner's second-in-time habeas petition challenging his competency to be executed was not successive because his claim had not ripened until after the disposition of his first petition. *Id.* at 944–45. The Court emphasized that the second petition was not successive because the factual predicate for the prisoner's claim (his mental state at the time of execution) could not have existed when the prisoner filed his first petition, years before his scheduled execution. *Id.* at 945; *see also Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1260 (11th Cir. 2009) (recognizing that the *Panetti* petition was not successive since no claim of incompetency for execution "is ever ripe at the time of the first petition because the facts to be measured or proven—the mental state of the petitioner at the time of execution—do not and cannot exist when the execution is years away").

3

No. 19-70021

Here, the factual predicate for Bernard's claims (the government's alleged withholding of evidence and false testimony regarding Bernard's role in a gang) existed long before Bernard filed his first habeas petition. Whether or not Bernard could have discovered those facts goes to whether he meets the requirements for filing a successive petition, not whether his motion is successive to begin with. *See Blackman v. Davis*, 909 F.3d 772, 572–73 (5th Cir. 2018) (holding that a second-in-time petition raising *Brady* and *Napue* claims was successive because the claims relied on previously undiscovered facts); *In re Wogenstahl*, 902 F.3d 621, 627–28 (6th Cir. 2018); *United States v. Buenrostro*, 638 F.3d 720, 725–26 (9th Cir. 2011); *Tompkins*, 557 F.3d at 1260. The district court did not therefore err in construing Bernard's Section 2255 motion as an unauthorized successive habeas petition.

Bernard also contends the district court erred in construing his alternative Rule 60(b) motion as a successive petition. If a Rule 60(b) motion seeks merely to present a new habeas claim, "it should be treated as a second-or-successive habeas petition and subjected to AEDPA's limitation on such petitions." *In re Edwards*, 865 F.3d 197, 203–04 (5th Cir. 2018). Bernard's Rule 60(b) motion sought to reopen the proceedings to allow him to litigate his new *Brady* and *Napue* claims. "This is the definition of a successive claim." *Id.* at 204–05; *see also Segundo v. Davis*, 757 F. App'x 333, 336 (5th Cir. 2018) (Rule 60(b) motion was a successive habeas petition where a claim of ineffective assistance of counsel "was the focus of the motion, and reopening the proceedings to relitigate it is the clear objective of the filing"). The district court did not therefore err in construing Bernard's alternative Rule 60(b) motion as an unauthorized successive habeas petition.

For the foregoing reasons, the district court's transfer order is **AFFIRMED**. We **REMAND** to the district court with instructions to dismiss Bernard's Section 2255 petition for want of jurisdiction.